RALSTON v. HEINER, Collector of Internal Revenue.

Circuit Court of Appeals, Third Circuit.
February 11, 1928.

No. 3728.

Internal revenue ⬡28(3)—Suit to restrain execution of distraint warrant for internal revenue taxes against distillery held not maintainable by purchaser at sheriff's sale (26 USCA § 154; Jud. Code, § 267 [28 USCA § 384]).

Suit to restrain execution of distraint warrant for internal revenue taxes against distillery property, brought by purchaser at sheriff's sale on judgment subsequent to tax lien, *held* not maintainable, under Rev. St. § 3224 (26 USCA § 154; Comp. St. § 5947), providing that no suit to restrain collection of tax shall be maintained, and Judicial Code, § 267 (28 USCA § 384), providing that suits in equity shall not be sustained in any case where plain, adequate, and complete remedy may be had at law.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederick P. Schoonmaker, Judge.

Suit to restrain execution of a distraint warrant for taxes, brought by John M. Ralston against D. B. Heiner, Collector of Internal Revenue. The bill was dismissed (21 F.[2d] 494), and plaintiff appeals. Affirmed.

Frank W. Stonecipher, of Pittsburgh, Pa., for appellant.

Wm. J. Aiken and John D. Meyer, both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case it appears that the collector of internal revenue on October 1, 1926, issued a warrant of distraint and seized certain real estate formerly used as a distillery plant by the A. Guckenheimer & Bros. Company, against which the United States had a lien for the taxes sought to be distrained thereby. Thereupon John M. Ralston, who had bought said property at a sheriff's sale upon a judgment in a state court, recovered against said company subsequent to said lien, and of which lien notice was given to the sheriff before the sale, filed a bill in the court below, praying the collector be restrained from proceeding on the warrant. To this bill a demurrer was filed, raising the question of the court's jurisdiction, and alleging the plaintiff had an adequate remedy at law, viz. to pay the tax under protest and bring suit to recover the same if wrongfully collected. On hearing the court sustained the demurrer, whereupon Ralston took this appeal.

In view of Rev. St. § 3224 (26 USCA § 154; Comp. St. § 5947), "No suit for the purpose of restraining the * * * collection of any tax shall be maintained in any court," and section 267 of the Judicial Code (28 USCA § 384), "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law," it is clear that these mandatory provisions constrained the court below to dismiss the bill. The fact that the present plaintiff is the successor in title to the taxpayer does not put him on any higher plane than the taxpayer, or confer any rights the latter did not have.

The judgment below is therefore affirmed.