**ERSA, Inc.**
**v.**
**H. A. DUDLEY, Director of Internal Revenue.**
**Misc. No. 363.**

United States District Court
W. D. Pennsylvania.
June 20, 1955.

William J. Dale, Erie, Pa., for plaintiff.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

On May 18, 1955, H. A. Dudley, Director of Internal Revenue, acting through Raymond G. Loesch, agent at Erie, Pennsylvania, levied upon certain items of restaurant equipment in the possession of, and on the premises of, Ersa, Inc., in the City of Erie. The property was levied upon as being personal property of James Manos, trading as Manos Restaurant, Erie, Pennsylvania, against whom the government claims delinquent federal taxes. Notice of the levy was duly posted upon the premises and equipment and the Director has threatened to remove the property for the purpose of sale. Ersa, Inc. filed an application with the Court entitled "Motion to Strike Levy." It claims to be the owner of the property, having purchased the same at a sheriff's sale on October 25, 1954, and within a few days thereafter removed it from the Manos Restaurant to its own premises in the City of Erie. I granted a restraining order and the matter was fully heard on June 9, 1955. At the hearing, the evidence showed that James Manos, trading as Manos Restaurant, owed taxes to both the Commonwealth of Pennsylvania and the United States. The Commonwealth filed, in the office of the Prothonotary of Erie County, Pennsylvania, a lien for unpaid unemployment contributions in the sum of $223.56 on May 5, 1950. In accordance with state practice, a scire facias sur lien was issued and on June 12, 1950 the lien matured into a judgment of record at 75 September Term, 1950. The government liens were filed on January 7, 1952 and September 2, 1954. The latter are for unpaid withholding and social security taxes. The Commonwealth caused a writ of fieri facias to issue on its judgment on September 17, 1954, as well as execution writs on other judgments entered subsequent to the first government lien. Pursuant to the writs, the Sheriff of Erie County levied upon and advertised the equipment for sale on October 18, 1954. However, the sale was adjourned to October 25, 1954, at which time the equipment was sold to the Commonwealth and

it in turn assigned the bill of sale to the plaintiff, Ersa, Inc. On October 20, 1954, at 2:15 P. M., an agent of the Director served upon the Sheriff of Erie County, at his office in the Court House, a "levy." This paper recites the tax due the government by James Manos. It was addressed to the Sheriff of Erie County and its language says, in effect, that the property of the taxpayer, James Manos, is "hereby served and levied upon" for payment of the tax recited. It is noted at this point that at the time this levy was served upon the Sheriff, the personal property in question was in the Manos Restaurant on Main Street at Erie. The government agent did not take possession nor post the equipment or premises which was in the custody of the Sheriff. Subchapter C—Distraint, Part I—Distraint on Personal Property, 26 U.S.C.A. § 3690 et seq., provides the authority and method of distraint of personal property by government agents. No proceedings on distraint, as required by the statute, were followed by the government agent in this instance, that is, goods were not seized, not posted, nor a copy of the levy left with the owner or the person in possession at his usual place of business or dwelling. The evidence showed, however, that the state agents concerned, and the state attorney, who acted for the Commonwealth, were aware of the government claim, which had been the subject of conversation between the collecting officers of both the state and the federal government. At the sale, when the fixtures were sold, however, no announcement was made by the government agents to the persons present that the United States asserted a claim against the property to be sold. Though the goods were sold to the Commonwealth for costs only, it, in turn, sold them to Ersa, Inc., for value, that is, Ersa paid $1,436.68 for the personal property involved and removed it to its own premises within a few days. During the course of removal, plaintiff was notified by an agent of the Director that the United States claimed a lien against the property and intended to sell the property to satisfy government taxes. Thereafter an actual distraint was made by an agent of the Director, who threatened to sell the goods in question to satisfy the government's tax claim.

The Court has jurisdiction to hear this matter since it is not called upon to determine the validity of the tax assessment but only to determine whether the property is subject to seizure by the United States. Rothensies v. Ullman, 3 Cir., 110 F.2d 590.

It is to be observed first, that the matter at issue involves the priority or rank of claims for taxes by both the Commonwealth and the United States on personal property only. The issue is not free from difficulty, but I am inclined to the view that under the facts presented in this instance, title to the personal property passed to plaintiff, Ersa, Inc., in the transaction. It is recognized that the Internal Revenue Code makes no distinction between real and personal property. Subchapter B of the Internal Revenue Code, 26 U.S.C.A. § 3670 is entitled "Lien for Taxes" and defines the property subject to lien and in part says:

"If any person liable to pay any tax neglects or refuses to pay * * *, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, *whether real or personal,* belonging to such person." (Emphasis added.)

The prescribed state method of collection is the filing of the lien in the office of the Prothonotary, followed by reducing the same to judgment in accordance with state practice. It is noticed here that there is no attack upon the legality of the state proceedings as such.

The Supreme Court, in three recent decisions, has reviewed the problem as to when a tax lien of the United States is prior in right to liens of states and various municipalities, and other creditors. See United States v. Security Trust & Sav. Bank, 340 U.S. 47, 71 S.Ct.

111, 95 L.Ed. 53; United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071, and United States v. New Britain, 347 U.S. 81, 74 S.Ct. 367, 370, 98 L.Ed. 520. The court said, in the New Britain case:

"*  *  * On the other hand, the federal statutes do not attempt to give priority in all cases to liens created under the paramount authority of the United States. The statute creating the federal liens here involved, I.R.C. § 3670, does not in terms confer priority upon them."

The court then speaks of circumstances involving insolvency, which are not presented in the instant case.

In connection with the priority of the federal liens, Congress provides, § 3672, that the federal lien "shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector". The collector is, of course, now the Director of Internal Revenue. In this instance, the Director filed the lien in the Prothonotary's office of the county, but subsequent to the time the lien of the state had been reduced and entered as a judgment. The Commonwealth of Pennsylvania, therefore, was a judgment creditor. In the New Britain case, supra, the Supreme Court reiterated the old principle, namely: " 'The first in time is the first in right.' " That case stands for the principle that when a tax lien of a state or municipality has been perfected as a specific statutory lien, then the United States has no priority unless the principle of " 'first in time' " applies. The court says that in the Security Trust case, supra, it was decided that the tax liens of the United States are superior to inchoate attachment liens. Under federal law there is no distinction between real and personal property as to the rank or priority of the lien or the property to which it attaches. See the concurring opinion of Mr. Justice Jackson in the Security Trust case, supra.

■■■■ The situation in the instant case is, therefore, that the state here is a judgment creditor, having reduced its lien to judgment ahead of the United States. The point remains, however, whether on the factual situation here, the state lien had fastened upon the personal property in question prior to the government lien, which undoubtedly did become a specific lien on the personal property at the time it was entered of record. The state law of Pennsylvania and the reasoning of the three decisions of the Supreme Court cited, and the reasoning in the case of Miller v. Bank of America, N. T. & S. A., 9 Cir., 166 F.2d 415, point to the solution here. It is undoubtedly the law of Pennsylvania that generally a judgment of record is not ipso facto a lien on personal property. A judgment of record is usually in personam as to personal property and in rem as to real property. The lien of a judgment does not attach to personal property except where a statute so provides. The general rule is that goods and chattels of a judgment debtor are subject to liens predicated upon an execution, but are not subject to liens predicated upon the entry of judgment. As to personal property, taking possession is usually required to perfect a lien. As was said in United States v. Fisher, D. C., 93 F.Supp. 73, the creditor must have obtained his judgment and, in the case of personal property, have execution and levy thereon, before a lien capable of priority over that of the United States for taxes could be created. Such is the general law and it was applied by the Court of Appeals for the Ninth Circuit in the Miller v. Bank of America case, supra, because the California state law follows the general rule that goods and chattels of a judgment debtor are subjected to liens based upon execution only and do not become liens upon the mere entry of the judgment alone.

However, under the Pennsylvania statute, as under the federal statute, the taxes being unemployment contributions, 43 P.S.Pa. § 788.1, are a lien upon the franchise and property, both real and personal, from the date the lien is en-

tered of record. The collecting method is that provided and as set forth and followed here, that is by scire facias sur lien and judgment thereon.

■ Under the principle then, in the New Britain case, supra, that is, " 'first in time is the first in right' ", we have a situation where the state is within the principle pronounced by the Supreme Court, in that the state law created the lien upon personal property, as well as real property, and the state is ahead in time in the entry of its judgment and in the actual manual seizure and sale of the property. Both the state lien and the state seizure in this case were " 'first in time' ". It follows, therefore, that the state is " 'first in right.' " Plaintiff's title is, of course, acquired as the result of the state judgment and execution sale thereon. In this instance the government, having withheld action until after the title to the property in question had been perfected in the plaintiff, cannot now complain as plaintiff, Ersa, Inc., is the purchaser for value. It is, therefore

Ordered, adjudged and decreed, this 20th day of June, 1955, that the warrant of distraint and levy authorized and issued by H. A. Dudley, Director of Internal Revenue, by and through Raymond G. Loesch, agent in charge at Erie, Pennsylvania, against personal property sold at the sale held by the Sheriff of Erie County, Pennsylvania, October 25, 1954, and sold as the personal property of James Manos, trading as Manos Restaurant, be, and the same hereby is, vacated, stricken and set aside; and

It is further ordered, adjudged and decreed that the title and ownership to said personal property is vested in plaintiff, Ersa, Inc., by reason of the assignment of the Sheriff's bill of sale, free from any claim of the United States for the taxes mentioned herein.

This opinion shall comprise the findings of fact and conclusions of law, pursuant to the requirements of Rule 52, 28 U.S.C.A.