ERSA, Inc.

v.

H. A. DUDLEY, Director of Internal Revenue, Appellant.

No. 11718.

United States Court of Appeals Third Circuit.

Argued Feb. 20, 1956.

Decided May 29, 1956.

Frederic G. Rita, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Fred E. Youngman, Attys., Dept. of Justice, Washington, D. C., D. Malcolm Anderson, Jr., U. S. Atty., Pittsburgh, Pa., on the brief), for appellant.

William H. Higgins, Erie, Pa. (William J. Dale, Erie, Pa., on the brief), for appellee.

Before MARIS, STALEY and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the District Director of Internal Revenue at Pittsburgh, Pennsylvania, from an order of the United States District Court for the Western District of Pennsylvania quashing a warrant of distraint issued by the District Director distraining upon certain personal property held by Ersa, Inc., against which the United States asserted liens for unpaid taxes, and decreeing that Ersa holds title free of the claims of the United States.

James Manos, trading as Manos Restaurant in Erie, Pennsylvania, owed unemployment compensation contributions to the Commonwealth of Pennsylvania and withholding and social security taxes to the United States. On May 5, 1950 the Commonwealth of Pennsylvania filed in the office of the Prothonotary of Erie County its lien for the unpaid unemployment compensation contributions due to the Pennsylvania Unemployment Compensation Fund in the sum of $223.56, which on June 12, 1950 was reduced to judgment. Subsequently assessments for unpaid federal taxes were made against James Manos and on January 7, 1952 and September 2, 1954, notices of liens for the unpaid federal taxes were filed with the Prothonotary of Erie County in the respective amounts of $937.05 and $2,294.00. Shortly thereafter, on September 17, 1954, a writ of fieri facias was issued at the instance of the Commonwealth of Pennsylvania on its judgment which had been entered on June 12, 1950 as well as on other judgments entered subsequently to the first federal tax liens. Pursuant to the writ the Sheriff of Erie County levied upon Manos' restaurant equipment and on October 25, 1954 it was sold for $176.87, the amount of the costs, to the Commonwealth of Pennsylvania, which in turn sold it to Ersa for $1,436.68. During the course of removal of the property by Ersa, it was notified by the District Director of Internal Revenue of the claims against the property for delinquent federal taxes. On May 18, 1955 the District Director posted notices of levy on the premises and upon the property. Ersa then brought the present suit in the District Court for the Western District of Pennsylvania by filing a motion to strike the levy, in which it claimed ownership of the property levied upon and that the federal distraint, levy and liens had been improperly effected. The

district court thereupon granted an order restraining the District Director from further proceedings on the levy pending a hearing. After hearing, the district court set aside the warrant of distraint and levy on the ground that title was vested in Ersa free of any claim of the United States for delinquent taxes. D.C., 134 F.Supp. 627. This appeal by the District Director followed.

The District Director contends that the district court lacked jurisdiction under Section 7421 of the Internal Revenue Code of 1954, 26 U.S.C. § 7421 to decide whether the property in the possession of Ersa was free and clear of the federal liens. He contends that the only remedy available to Ersa was to pay the tax and sue for a refund, relying for this proposition upon Ralston v. Heiner, 3 Cir., 1928, 24 F.2d 416, certiorari denied 277 U.S. 608, 48 S.Ct. 602, 72 L.Ed. 1013. We agree that this remedy would have been available to Ersa and we have so held. Karno-Smith Co. v. Maloney, 3 Cir., 1940, 112 F.2d 690. But this court has also held that the district court of the district in which the property is located has jurisdiction in a proceeding such as this to determine whether a levy for federal taxes was illegally made upon property belonging to one other than the indebted taxpayer. Rothensies v. Ullman, 3 Cir., 1940, 110 F.2d 590; Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620. As pointed out in those cases that jurisdiction is derived from sections 1340 and 2463 of title 28 United States Code,[1] which give to the appropriate district court power to make orders and decrees with respect to property taken or detained under the federal revenue laws. The Ralston case, upon which the District Director relies, is distinguishable,

for it involved a bill in equity to restrain the defendant collector of internal revenue from collecting taxes by distraint, a restraint expressly prohibited by section 3224 of the Revised Statutes.[2] We accordingly turn to the merits of the appeal.

The priority, relative to other liens, of a lien of the United States for unpaid taxes always involves a federal question which is to be determined by the federal courts. United States v. Security Trust & Savings Bank, 1950, 340 U.S. 47, 49–50, 71 S.Ct. 111, 95 L.Ed. 53. Under section 3670 of the Internal Revenue Code of 1939[3] the assessment of a federal tax, coupled with neglect or refusal to pay it after demand, created a choate and perfected federal lien on the personal property belonging to the taxpayer, valid against any mortgagee, pledgee, purchaser or judgment creditor from the time notice of the lien was filed pursuant to section 3672 of the Internal Revenue Code of 1939,[4] in the proper office[5] in the filing district in which the property was situated, which lien continued until the tax liability was satisfied or became unenforceable by lapse of time. Glass City Bank v. U. S., 1945, 326 U.S. 265, 267, 66 S.Ct. 108, 90 L.Ed. 56. But under section 3670 Congress did not confer any priority upon the federal tax lien.[6] United States v. New Britain, 1954, 347 U.S. 81, 84–85, 74 S. Ct. 367, 98 L.Ed. 520. In the New Britain case the Supreme Court said, 347 U.S. at pages 85–86, 74 S.Ct. at page 370:

"It does not follow, however, that the City's liens must receive priority as a whole. We believe that priority of these statutory liens is determined by another principle of law,

1. Formerly Title 28 U.S.C., 1946 Ed., §§ 41(5) and 747.

2. Now Internal Revenue Code of 1954, § 7421(a), 26 U.S.C. § 7421(a).

3. Now Internal Revenue Code of 1954, § 6321, 26 U.S.C. § 6321.

4. Now Internal Revenue Code of 1954, § 6323, 26 U.S.C.A. § 6323.

5. In this case the prothonotary's office of Erie County, Pennsylvania.

6. Section 3466 of the Revised Statutes, 31 U.S.C.A. § 191, which is an express enactment of priority for debts owing the United States whenever the debtor is insolvent, is not here involved.

namely, 'the first in time is the first in right.' As stated by Chief Justice Marshall in Rankin v. Scott, supra [12 Wheat. 177, 6 L.Ed. 592]:

" 'The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a Court of law or equity to a subsequent claimant.' 12 Wheat. at page 179.

This principle is widely accepted and applied, in the absence of legislation to the contrary. 33 Am.Jur., Liens, § 3; 53 C.J.S., Liens, § 10 b. We think that Congress had this cardinal rule in mind when it enacted § 3670, a schedule of priority not being set forth therein. Thus, the priority of each statutory lien contested here must depend on the time it attached to the property in question and became choate."

■ We must, therefore, determine whether the federal tax liens were prior in time to that of Pennsylvania's lien. As we have seen, the federal tax liens attached to the property on January 7, 1952 and September 2, 1954, respectively. But when did the lien of the judgment of the Commonwealth of Pennsylvania attach? To answer this question we must consider the Pennsylvania law in respect to liens for unpaid contributions to the Unemployment Compensation Fund. In doing so we must bear in mind that the Supreme Court of the United States has laid down the rule that while in federal tax cases a state court's characterization of a lien as choate and perfected is not binding on the federal courts, the characterization by a state court of a lien as inchoate is conclusive on the federal courts. Spokane County v. United States, 1929, 279

U.S. 80, 95, 49 S.Ct. 321, 73 L.Ed. 621; United States v. Knott, 1936, 298 U.S. 544, 548–549, 56 S.Ct. 902, 80 L.Ed. 1321; People of State of Illinois ex rel. Gordon v. Campbell, 1946, 329 U.S. 362, 371, 67 S.Ct. 340, 91 L.Ed. 348; U. S. v. Security Tr. & Sav. Bk., 1950, 340 U.S. 47, 50, 71 S.Ct. 111, 95 L.Ed. 53; United States v. Acri, 1955, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264; U. S. v. Liverpool & London Ins. Co., 1955, 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268; United States v. Scovil, 1955, 348 U.S. 218, 75 S.Ct. 244, 99 L.Ed. 271; United States v. Colotta, 1955, 350 U.S. 808, 76 S.Ct. 82; United States v. White Bear Brewing Co., Inc., 1956, 350 U.S. 1010, 76 S.Ct. 646.

The statutes of Pennsylvania provide that the lien of a judgment attaches to personal property only from the time that a writ of fieri facias, or other writ of execution, is delivered to the sheriff to be executed.[7] Section 308.1 of the Pennsylvania Unemployment Compensation Law provides as follows:

"All contributions and the interest and penalties thereon due and payable by an employer under the provisions of this act shall be a lien upon the franchises and property, both real and personal, of the employer liable therefor, from the date a lien for such contributions, interest and penalties is entered of record in the manner hereinafter provided. Whenever the franchises or property of an employer is sold at a judicial sale, all contributions and the interest and penalties thereon thus entered of record shall first be allowed and paid out of the proceeds of such sale in the same manner and to the same extent that State taxes are paid: Provided, however, That the lien hereby created shall not be prior to pre-existing duly recorded real estate mortgages. The department may at any time transmit to the prothonotaries of the respective

---

7. "No writ of fieri facias, or other writ of execution, shall bind the property or the goods of the person against whom such writ of execution is sued forth, but from the time such writ shall be delivered to the sheriff, under sheriff, or coroner, to be executed." Act of June 16, 1836, P.L. 755, § 39, 12 P.S.Pa. § 2291.

counties of the Commonwealth, to be by them entered of record, certified copies of all liens for unpaid contributions, interest and penalties which may now exist or hereafter arise, upon which record it shall be lawful for writs of scire facias to issue and be prosecuted to judgment and execution in the same manner as such writs are ordinarily employed. * * * " [8]

In Commonwealth, to use of Unemployment Compensation Fund v. Lombardo, 1947, 356 Pa. 597, 52 A.2d 657, the question was squarely presented as to whether under section 308.1 of the Pennsylvania Unemployment Compensation Law the lien for unpaid contributions attaches to personal property of the delinquent employer from the date it is entered in the prothonotary's office or not until the lien has been reduced to judgment and a writ of fieri facias has been issued and delivered to the sheriff for execution. The question had been discussed in a comprehensive opinion by the court of common pleas which the Supreme Court adopted in affirming its decree. The court noted that the last sentence of the portion of section 308.1 above quoted appeared to provide that the lien of the Commonwealth, after reduction to judgment by writ of scire facias, was to be executed "in the same manner as such writs are ordinarily employed", that is, by writ of fieri facias, and it pointed out that to this extent the statute was ambiguous in that this sentence was inconsistent with the first sentence of the section. For under the first sentence the lien would attach to personal property upon its entry while under the last sentence personal property would not be bound by the lien until a writ of fieri facias issued on a judgment entered on the lien had been delivered to the sheriff for execution. The court rejected the Commonwealth's contention that the first sentence controlled, saying, 356 Pa. at page 604; 52 A.2d at page 660:

"So far as the last sentence of Section 308.1 is in conflict with the first sentence of the section, it must prevail. Since writs of execution against personal property are ordinarily employed as provided by the Act of 1836, they become effective only as provided in that Act, that is, from the time the fi. fa. is delivered into the hands of the sheriff the 'goods are bound'."

The court accordingly held that the lien of the Commonwealth under section 308.1 of the Unemployment Compensation Law, even though reduced to judgment, did not bind personal property of a delinquent employer which he had transferred to a third person before the Commonwealth issued its writ of fieri facias. It thus appears that the mere filing of the lien for unpaid contributions to the Pennsylvania Unemployment Compensation Fund, and its reduction to judgment does not create a perfected lien upon the delinquent employer's personal property. The filing of the lien is only "a *caveat* of a more perfect lien to come." New York v. Maclay, 1933, 288 U.S. 290, 294, 53 S.Ct. 323, 324, 77 L.Ed. 754. It is not actually perfected as a choate lien on personal property until the writ of fieri facias has been issued and delivered to the sheriff for execution. Since in the present case this did not occur until fifteen days after the second federal tax lien notice was filed, the federal tax liens were prior to the lien of the Commonwealth's judgment, which was then inchoate and unperfected, so far as concerns the property here involved. U. S. v. Security Tr. & Sav. Bk., 1950, 340 U.S. 47, 51, 71 S.Ct. 111, 95 L.Ed. 53. The district court accordingly erred in finding that the lien of the Commonwealth of Pennsylvania was first in time and, therefore, first in right. Under the Internal Revenue Code the federal liens continued upon the property in the hands of the purchaser, Ersa, which bought it after they had been filed in the prothonotary's office. United States v. Snyder,

8. 43 P.S.Pa. § 788.1.

1893, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705. The liens are, therefore, enforceable against the property in Ersa's hands.

The judgment of the district court will be reversed and the cause remanded with directions to set aside the order quashing the warrant of distraint and levy.