**UNITED STATES of America, Plaintiff,**

v.

**Harlow S. PEARSON, Individually, Harlow S. Pearson and Bankers Trust Company, as Co-Trustees under the Will of Edward J. Pearson, deceased, the First Pennsylvania Banking & Trust Company, Annabelle Webb Pearson, Helen Ridgeway Pearson, Robert L. Ridgeway, and Arden H. Rathkopf, Individually, and as Executor of the Estate of Gertrude S. Pearson, deceased, Defendants.**

**No. 60 Civ. 690.**

United States District Court
S. D. New York.
May 27, 1966.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for plaintiff; Alvin H. Meadow, Asst. U. S. Atty., of counsel.

Dillon & O'Brien, New York City, for defendant Annabelle Webb Pearson; James McGarry, New York City, of counsel.

Berle & Berle, New York City, for defendants Harlow S. Pearson and Helen Ridgeway Pearson; Thorold J. Deyrup, New York City, of counsel.

Browne, Hyde & Dickerson, New York City, for defendant Bankers Trust Co., as Co-Trustee; John H. Reilly, Jr., New York City, of counsel.

William T. Griffin, New York City, for defendant First Pennsylvania Banking & Trust Co.

Donald MacDonald, New York City, for defendant Arden H. Rathkopf, Individually, and as Executor of Estate of Gertrude S. Pearson, Deceased.

## OPINION

LEVET, District Judge.

The plaintiff, United States of America, moves for an order dismissing the five affirmative defenses and counterclaims of defendant Annabelle Webb Pearson (hereinafter "Annabelle") on the ground that they fail to state claims upon which relief may be granted and granting summary judgment in favor of the United States as to the defendant Annabelle.

The pleadings now concerned are the third amended complaint of plaintiff and the answer and counterclaims thereto made by defendant Annabelle. This complaint seeks to enforce tax liens against specific funds of the defendant Harlow S. Pearson (hereinafter "Harlow") (the taxpayer concerned) held by defendant Bankers Trust Company as co-trustee of a testamentary trust, established by the will of Edward J. Pearson, Harlow's father, of which Harlow is the present income beneficiary. The complaint alleges the creation and filing of tax liens arising from assessments against Harlow for the years 1949 through 1964. The assessments for the years 1949 through 1958 have been paid in full with prejudice and are not in question now. The assessments which the government now seeks to enforce are for the years 1959 through 1964. These assessments were made on May 21, 1965, and notices of tax liens were filed thereafter on August 3, 1965. The complaint seeks an in personam judgment

against Harlow for the taxes due and an in rem judgment against the fund held by the Bankers Trust Company, that is, the accrued and accumulated income of the testamentary trust of which the defendant Harlow is the income beneficiary.

The defendant Annabelle, by answer, asserts five defenses and counterclaims which, as hereinafter explained, are based upon wholly inchoate claims. The answer also asserts cross-claims against the other defendants. The issue as between the United States and this defendant is solely whether, by virtue of her claims, she has any lien upon the specific personal property against which the United States seeks to enforce its tax liens.

■ Before the merits of each defense and counterclaim are discussed, three preliminary points raised by defendant Annabelle must be treated. First, relying on United States v. Acri, 109 F.Supp. 943 (D.Ohio 1952), aff'd per curiam 209 F.2d 258 (6th Cir. 1953), rev'd on other grounds 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955), Annabelle contends that summary judgment may not be granted against her until the validity of the government's tax liens has been affirmatively established. In United States v. Acri, supra, the district court wrote:

"Even if the court were of the opinion that there was priority in the tax lien of the Government as against the attachment lien, full summary judgment could not be granted in view of the undetermined issue of the validity and the amount of the assessment." 109 F.Supp. at 945.

The United States, however, does not seek full summary judgment against all defendants here. It seeks only an order that its liens are prior to those of Annabelle. Such an order will not prejudice any valid claims that Annabelle may have against the other defendants in this case. If the government's liens are valid and prior, Annabelle's claims against the other defendants will prop-

erly be considered subsequent to the government's liens. If the government's liens, though seemingly prior, are invalid, the defendants will be left as they were and the United States will be out of the case. In both instances, the government will have received that to which it is entitled, and Annabelle will have the opportunity to press her claims against the other defendants. But there is no sense whatsoever in allowing Annabelle to continue as a defendant as against the United States when she does not, as the government contends and as hereinafter appears, have a claim prior to those of the United States.

■ Second, Annabelle contends that she has standing to contest the validity of the government's assessments against her former husband, Harlow, and that, accordingly, summary judgment dismissing her defenses and counterclaims may not be granted in favor of the United States before she has had opportunity at trial to contest the validity of the tax assessments. This claim is without merit. Neither the Internal Revenue Code nor the decisions support any right of third parties to contest the merits of a tax assessment. In fact, the contrary has been decisively indicated. Falik v. United States, 343 F.2d 38, 41 (2nd Cir. 1965); Graham v. United States, 243 F.2d 919, 922 (9th Cir. 1957). In Falik, Judge Friendly wrote:

"* * * And we conclude that under the 1931 statute a junior lienor could not have questioned the essential validity of an assessment underlying a senior Government tax lien." (343 F.2d p. 41)

In Graham, Judge Bone wrote:

"We believe that only the taxpayer may question the assessment for taxes, and assert noncompliance by the Commissioner in sending the taxpayer a notice of deficiency by registered mail. * * * This right to review the tax deficiency assessment seems to us to be peculiarly personal to the taxpayer * * *. A tax assessment may not be collaterally attacked. Commercial

Credit Corporation v. Schwartz, D.C. E.D.Ark.1954, 126 F.Supp. 728, 730, and cases there cited. * * *" (243 F.2d p. 922)

■ Third, Annabelle contends that the United States is estopped from asserting the alleged priority of its liens because it prevented her from perfecting her liens. While it is true that on February 13, 1962 an injunction was issued against the defendant Arden H. Rathkopf from commencing or prosecuting any action or judicial proceeding in relation to the interest of Harlow in the testamentary trust involved here, no such injunction has been issued against Annabelle. Whatever reasons Annabelle may have had for not pursuing her remedies, as hereinafter appears, the United States did not prevent her from doing so. Reliance on any claim of estoppel is, therefore, misplaced.

I next proceed to the five defenses and "counterclaims" raised by defendant Annabelle to the claims of the United States.

### FIRST AFFIRMATIVE DEFENSE AND COUNTERCLAIM

The answer asserts that defendant Annabelle secured a divorce from defendant Harlow in the District Court of the Virgin Islands (apparently the United States District Court) on December 28, 1954, that the decree provided for recovery by her of $16,360 and contained a direction to pay Annabelle $1,000 each month for her support and the support of her minor children, that an exemplified and certified copy of such decree and judgment was duly filed in the office of the Clerk of the New York Supreme Court in the County of New York (without stating when), and that no part of said sums has been paid.

Alvin H. Meadow, Assistant United States Attorney, asserts in his supporting affidavit that he searched the County Clerk's office and found no evidence of the filing of the Virgin Islands judgment. This fact is not controverted by defendant Annabelle.

■ The government's tax liens for 1959 to 1964 arose here on May 21, 1965, pursuant to 26 U.S.C. §§ 6321, 6322, when assessments were made against Harlow. Under 26 U.S.C. § 6323, the lien imposed by Section 6321 is not valid as against any judgment-creditor until notice thereof has been filed in accordance with the provisions of Section 6323. Notice was given on August 3, 1965. The only judgment-creditors who are protected under Section 6323, however, are those who have previously perfected a choate lien upon the assets against which the United States seeks to enforce its general tax lien. Ersa, Inc. v. Dudley, 234 F.2d 178, 181 (3rd Cir. 1956); Wolverine Insurance Company v. Phillips, 165 F.Supp. 335 (N.D.Iowa 1958); Beeghly v. Wilson, 152 F.Supp. 726 (N.D.Iowa 1957). Thus, the question here is whether Annabelle had a perfected lien based on the Virgin Islands divorce decree before notice of the government's liens was filed.

■ Federal law determines whether a judgment-creditor has a choate and perfected lien. United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950). In applying this principle, however, it is clear that if state law characterizes a lien as inchoate, that characterization is conclusive on the federal courts. Ersa, Inc. v. Dudley, supra, 234 F.2d at 181. Thus, if Annabelle did not have a perfected lien under New York law, she does not have one here; and in determining whether a lien arose from proceedings on or in aid of judgment, this court, pursuant to Rule 69 of the Federal Rules of Civil Procedure, must follow " * * * the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, * * *." Juneau Spruce Corp. v. International L. & W. Union, 131 F.Supp. 866, 869 (D.Hawaii, 1959); Arenas v. Sternecker, 109 F.Supp. 1 (D.Kan.1953).

■■ Under New York law, a judgment of the United States District Court for the Virgin Islands may be docketed and become enforceable by either of two

methods: (1) By filing a certified copy of such judgment in a United States District Court in New York under 28 U.S.C. § 1963 and thereafter filing a transcript of the judgment filed in a United States District Court in New York in the office of the clerk of any county of New York State under New York Civil Practice Law and Rules (hereinafter "CPLR") § 5018(b); or (2) By commencing an action to enforce the Virgin Islands judgment in New York. (CPLR § 5014 permits this by exclusion.) See 5 Weinstein, Korn, Miller, New York Civil Practice ¶ 5014.01 (1965). In this case, it is clear that Annabelle has not complied with 28 U.S.C. § 1963; the mere filing of an exemplified copy of a Virgin Islands judgment with the clerk of the New York Supreme Court in New York County does not make that judgment enforceable in New York State. And nowhere in this first affirmative defense is it alleged that an action to enforce the Virgin Islands judgment has been brought.

 Furthermore, under CPLR § 5202, no lien on personal property in New York is obtained until execution has been delivered to the sheriff. Clearly, no execution is alleged or was delivered here.

 Thus, the defendant Annabelle may not assert any lien perfected under New York law against the United States on the grounds alleged in her first affirmative defense and counterclaim. That defense and counterclaim must be dismissed.

### SECOND AFFIRMATIVE DEFENSE AND COUNTERCLAIM

 This defense and counterclaim assert that Annabelle is a plaintiff in a pending action against Harlow and the Bankers Trust Company as co-trustees in the Supreme Court of the State of New York, New York County, that in this action a warrant of attachment was issued on October 4, 1956 and served on Bankers Trust Company as co-trustee, directing the sheriff of the County of New York to attach so much of the property of Harlow in the hands of the said co-trustee as would satisfy her demands of $38,160, and that the complaint in said action seeks $76,960 against Harlow, of which no part has been paid.

The records of the Supreme Court, New York County, in that action, Annabelle Webb Pearson v. Harlow S. Pearson, Index No. 12441/1956, were submitted on the hearing of this motion. In brief, these records reveal:

1. That Annabelle attempted in that court to commence an action upon the Virgin Islands decree and judgment above mentioned;

2. That Harlow was a non-resident of New York so that service by publication and attachment here were necessary to secure quasi-in-rem jurisdiction;

3. That on October 4, 1956, the sheriff of New York County levied on the accumulated income of the testamentary trust, but that Bankers Trust Company asserted that there were conflicting claims thereto and refused to deliver the assets to the sheriff;

4. That Annabelle then obtained permission of the court to commence a proceeding pursuant to Section 922 of the then Civil Practice Act of the State of New York in aid of attachment;

5. That upon cross-motions by Harlow to set aside service by publication and by Annabelle to stay and to extend her time to commence the proceeding in aid of attachment, the court denied the application to vacate, granted the motion for a 20 day extension, and directed settlement of an order; and

6. That neither party settled any order.

The defendant Annabelle does not dispute these facts.

Under New York Civil Practice Act § 922, which was effective in 1956 and 1957, a warrant of attachment became null and void 90 days after its issuance or within such further time as provided by a court unless a special proceeding in aid of that attachment was commenced. Here, the court granted 20 days beyond the expiration of the 90 day period (that is, 20 days beyond January 4, 1957) and

directed settlement of an order. Under Rule III(10) of the Rules of the Supreme Court, New York County for Special Terms, where the court directs settlement of an order upon a motion, such proposed order must be presented within 30 days or the motion will be deemed abandoned. No order was settled; thus, it appears that the warrant of attachment became null and void as of January 4, 1957.

Consequently, the warrant of attachment alleged in Annabelle's second affirmative defense provides no perfected lien prior to those of the United States. The second affirmative defense and counterclaim must be dismissed.

## THIRD AFFIRMATIVE DEFENSE AND COUNTERCLAIM

 This defense and counterclaim reallege the facts contained in the second affirmative defense and counterclaim and further allege that in April 1948 Harlow abandoned Annabelle and her three minor children, that Harlow thereafter failed to support her and her children, and that she expended over $60,000 for her support and for the support, maintenance and education of her children, of which no part has been paid by Harlow. This defense adds nothing beside a claim for support to the second defense and clearly such an unliquidated claim does not constitute a lien on the fund here involved. Nothing has been reduced to a judgment enforceable in New York.

The third defense and counterclaim must be dismissed.

## FOURTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

 This is simply an allegation of a claim for support under an order and judgment of the Nevada Supreme Court.

It never was reduced to judgment in New York nor was any other action taken to give Annabelle a choate and perfected lien as a judgment-creditor in the State of New York.

The fourth affirmative defense and counterclaim must therefore be dismissed.

## FIFTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

This defense and counterclaim alleges that Harlow negotiated a loan from the First Pennsylvania Banking & Trust Company in 1954, that he assigned an interest in his income under the trust to said First Pennsylvania Banking & Trust Company as security and also assigned as security a certain life insurance policy, that the First Pennsylvania Banking & Trust Company reassigned certain portions of the income to Harlow, and that the claims of Annabelle are prior to those of the First Pennsylvania Banking & Trust Company.

These facts in no way constitute a defense to the enforcement of the government's lien action against the fund.

Consequently, this fifth defense and counterclaim must be dismissed.

## CONCLUSION

It affirmatively appears that there are no genuine issues of material fact as between plaintiff, the United States of America, and the defendant Annabelle. Therefore, plaintiff's motion for summary judgment against this defendant is granted and her defenses and counterclaims dismissed. Obviously, as heretofore indicated, this defendant may still attempt to litigate any meritorious and proper claims she may have as to the balance of the fund or in personam against Harlow after disposal of the government's liens.

Settle order on notice.