Ronald J. STRASSER, Plaintiff,

v.

Floyd MISSELLI, Defendant,

George W. Lamproplos, Interpleading Petitioner.

Civ. A. No. 72-757.

United States District Court,
W. D. Pennsylvania.

Jan. 3, 1973.

**1030**

Cassidy & Lamproplos, Greensburg, Pa., for plaintiff.

Thomas A. Daley, U. S. Atty., Pittsburgh, Pa., Richard F. Mitchell, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

William J. Ober, Greensburg, Pa., for Andrew C. Krupar, D. C.

## OPINION AND ORDER

GOURLEY, Senior District Judge.

This is a federal income tax proceeding presented to the Court through an interpleader action. The Court has conducted a full and complete hearing, afforded all parties the opportunity to be heard, and it has been agreed that adjudication shall be entered on the basis of a case stated. The taxpayer was involved in an automobile accident, secured legal counsel, instituted a lawsuit against the tortfeasor, and in the midst of a state Court trial, settlement was awarded for $7,000. The contingency fee agreement with the taxpayer's attorney provided for a charge of 45%, or $3,150. This attorney's fee is exempt from the government lien which exists for the back taxes due and is not in dispute. However, there are other claims which have been presented to the Court which seek reimbursement from the fund that was created as a result of the settlement, including bills for medical attention at the hospital provided by physicians who unquestionably rendered invaluable services to the taxpayer, and also a claim by the Commonwealth of Pennsylvania for welfare assistance. Unfortunately no basis exists in law to favorably consider the medical claims. It is most regrettable that the Court cannot direct that this payment be made, but the claimants who provided these medical services must seek legislative rather than judicial solutions. No basis exists to consider the claim by the Department of Public Welfare for the Commonwealth of Pennsylvania because no writ of execution for said claim was ever made. Ersa, Inc. v. Dudley, 234 F.2d 178 (3rd Cir., 1956).

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.