310 So.2d 655 (1975)
Rose M. LEJEUNE
v.
Eugene J. LEJEUNE.
No. 10182.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
Walton J. Barnes, Baton Rouge, for appellant.
Sidney A. Marchand, III, Donaldsonville, for appellee.
Before LOTTINGER and COVINGTON, JJ., and BAILES, J. Pro Tem.
BAILES, Judge Pro Tem.
This is an appeal from a judgment of the district court on a rule filed by Mrs. Rose M. Lejeune, a resident of the State of California, for executory judgment of past due alimony allegedly due her two minor children. On our finding that the *656 judgment appealed is an absolute nullity, we reverse and remand the matter to the district court for further proceedings in accordance with law.
This proceeding was initiated on April 6, 1972, by petition of the plaintiff to have a foreign judgment of divorce rendered in proceedings in the Superior Court of Alameda County, California, which ordered defendant to make certain alimony payments for the support of his two minor children, recognized and made the judgment of the trial court. In this petition it was alleged that plaintiff was granted a divorce from the defendant by said judgment and thereunder defendant was ordered to pay to plaintiff, as support for the two minor children of the dissolved marriage, the sum of $75 per child per month. Answer to this petition was duly filed on May 9, 1972.
The record is barren of any judgment of the district court recognizing the California judgment and making it the judgment of the district court. There is no reference in the minutes of the court to a judgment having been granted recognizing the California judgment.
Chronologically, the next filing in the proceeding was on November 17, 1972, when the plaintiff filed a motion for a rule to issue to defendant to have the amount of alimony due under the California judgment determined and made executory. Acting on this motion, the district court ordered the defendant to show cause on the 20th day of November, 1972, "why the amount of alimony and child support which he was ordered to pay and which is now in arrears should not be determined and made executory in the rendition of a judgment against him, and in favor of mover, for ELEVEN THOUSAND and NO/100 ($11,070.00) with 7 per cent interest therein from date of demand, until paid, and for all costs of these proceedings."
On October 19, 1973, the defendant filed an exception of one year prescription. This exception was referred to the merits and was subsequently overruled.
In order for a foreign judgment to be executory in this state, such foreign judgment must be recognized and made the judgment of the court wherein execution is sought. This recognition must be sought through ordinary proceedings and finalized by a judgment of the court. Any proceeding which circumvents this procedure is fatally defective.
LSA-C.C.P. Article 2541 states:
"A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or any foreign country must bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.
"A duly authenticated copy of the judgment or decree must be annexed to the petition."
Accordingly, the rule to show cause issued by the court a quo to have the amount of past due alimony fixed and made executory was improvidently issued. Such a proceeding is premature and void prior to compliance with the requirements of LSA-C.C.P. Article 2541.
For the foregoing reasons, the judgment appealed is reversed and annulled, and this matter is remanded to the trial court for further proceedings in accordance with law. All costs of this appeal are to be paid by plaintiff-appellee; the assessment of all other costs to await further determination of the issue.
Reversed and remanded.