# KETTLE CREEK ASSOCIATES, A NEW JERSEY GENERAL PARTNERSHIP, Plaintiff

## v.

## J. CARMINE BONANNO, Defendant

Civil No. 605/90

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 16, 1991

BERNARD M. VANSLUYTMAN, ESQ., St. Thomas, V.I., *for plaintiff*

HENRY L. FEUERZEIG, ESQ., St. Thomas, V.I., *for defendant*

SWAN, *Judge*

# MEMORANDUM OPINION AND ORDER

## I. *Information*

Plaintiff has petitioned this Court to issue a writ of execution on a New Jersey judgment in excess of one million dollars, without first initiating a new suit in the local courts to enforce the judgment. Defendant contends that in order to enforce the judgment, a new action must first be initiated in a local court and judgment entered accordingly, before the Court may issue a writ of execution on a foreign judgment. Defendant further asserts that this Court is without jurisdiction to hear the matter ostensibly because the amount of the judgment is in excess of this Court's jurisdiction. For the reasons which follow, plaintiff's petition will be denied.

## II. *Facts and Procedure*

On May 14, 1990, Kettle Creek Associates ("Plaintiff") was awarded a judgment by The Superior Court of New Jersey against defendant J. Carmine Bonanno in the amount of $1,131,889.11.

On July 23, 1990, plaintiff petitioned this Court, seeking a writ of execution against defendant and seeking to attach any real property owned by defendant in order to satisfy the New Jersey judgment. On August 23, 1990, defendant moved the Court to vacate any writ of execution which had been issued pursuant to the foreign judgment and to dismiss the petition for lack of jurisdiction.

## III. *Discussion*

It is the general rule that rights acquired in one state are not diminished or altered in any degree by a judgment creditor going into other states and seeking to enforce those rights. Thus, under the doctrine of Full Faith And Credit, a right arising under or a liability imposed by either the common law or statute of a state may, where the action is transitory, be asserted and enforced in any court having jurisdiction of the subject matter and over the parties, provided that enforcement is not contrary to the law or public policy of the second state. 16 Am Jur 2d, Conflict of Laws, Section 7 (1979).

It is indisputable that the Full Faith and Credit Clause of the United States Constitution is applicable to the Virgin Islands. (See Revised Organic Act of 1954, Section 3 as amended.) However, while it is uncontroverted that this Court may recognize and enforce a judgment of a state court, it is equally clear that the Full Faith and

57

Credit Clause sets certain minimum requirements which the courts of this Territory and a sister state must observe when requested to enforce a judgment of another state. For example, enforcement of a foreign judgment will be allowed in the second state, provided enforcement is not contrary to the law or public policy of the second state, or if giving effect to the foreign judgment would not prejudice the second state's rights or the rights of its citizens.

A writ of execution issued by this court is effected pursuant to Title 5 V.I.C. Section 471 which provides:

> "Subject to the provisions of the Federal Rules of Civil Procedure, the person in whose favor a judgment is given in the district Court or the territorial Court which requires the payment of money, the delivery of real or personal property, or either of them, may have a writ of execution issued for its enforcement, as provided in this chapter."

Additionally, local law further provides that all requests for issuance of writs of execution and other process for the enforcement of judgments shall be made in writing to the clerk of the court for the judicial division in which the judgment was entered. T.5 App. IV R 51. Local statutory law, however, is silent on whether a new action must be instituted in the Virgin Islands as a prerequisite for enforcing a foreign judgment. It is evident that section 471 supra directs the Courts of the Virgin Islands to enter a judgment before a writ of execution may be issued. This procedure presupposes that a new action must first be initiated on a foreign judgment, before that judgment can be satisfied or attempt to be satisfied by a writ of execution. This assertion is buttressed by comment b of the Restatement (Second) of Conflicts of Law, Section 100[1] which provides in pertinent part:

> . . ., the method usually employed in this country for the enforcement of a foreign judgment for the payment of money is to bring a new action in the nature of debt upon the judgment in the forum state and to obtain a new judgment there. . . ." (see also Restatement (Second) Conflict of Laws Section 99).

---

[1] 1 V.I.C. 4. The rules of the common law, as expressed in the Restatement of Law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States shall be the rules of decision in the Courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

■ The majority rule is that a judgment rendered by a court of one state may not be enforced in another state without the institution of an action thereon in the second state. 46 Am Jur 2d, Judgments, Section 905 (1979). In Riley v. New York Trust Co., 315 U.S. 343 (1942) The United States Supreme Court addressed the issue of whether the Supreme Court of Delaware was duty bound to enforce a judgment entered by a Georgia Court. The Supreme Court instructed that the United States Constitution does not require, nor does Delaware law provide, that the judgment of a Georgia Court have the force of a judgment of a Delaware court. The Supreme Court further stated that a *suit in Delaware must precede any local remedy or enforcement on the Georgia judgment.* Id. at 349 (emphasis supplied). Additionally, in Leininger v. Leininger, 705 F.2d 727 (5th Cir. 1983), the Circuit Court, in agreeing with the District Court of Mississippi, concluded that until the appellant files suit in Mississippi to have the Ohio judgment recognized there and further obtains a judgment making the Ohio judgment the judgment of a Mississippi Court, the judgment should be stricken from the Mississippi judgment roll and its execution in Mississippi should be enjoined. Id at 729. See also Cole v. Cunningham, 133 U.S. 197 (1980); Milwaukee County v. M.E. White Co. 296 U.S. 268 (1935); Durfee v. Duke, 375 U.S. 106 (1963); United States v. Pearson, 258 F. Supp. 686 (S.D.N.Y. 1966). American Fidelity F. Ins. Co. v. Paste-Ups Unlimited, Inc., 368 F. Supp. 219 (S.D.N.Y. 1973; Rich v. Con-stan Industries, 447 S.W. 2d 323 (Tex. 1969); Lejeune v. Lejeune, 310 So. 2d 655 (La. 1975). Considering both established legal precedent and the language of section 471 supra, the Court concludes that plaintiff must first file suit in a Virgin Islands Court and obtain a judgment before it can enforce the New Jersey judgment against defendant in the Virgin Islands.

Defendant also urges that this matter is beyond the jurisdictional limits of this Court. The Court agrees. With respect to the Court's jurisdiction, Title 4 V.I.C. Section 76(a) is instructive; it provides:

> "(a) The Territorial Court shall have original jurisdiction . . . in all civil actions wherein the matter in controversy exceeds the sum of $500.00 but does not exceed the sum of $200,000.00; . . ."

In the instant case, plaintiff has recovered a judgment in excess of one million dollars against defendant. Being mindful of section 76(a) supra, it is undeniable that this Court does not have jurisdiction in an action where the amount in controversy exceeds $200,000.00. Conse-

quently, as long as plaintiff seeks to enforce more than $200,000.00 of the judgment, this court is without jurisdiction to hear the matter.

## IV. *Conclusion*

■■ For these reasons, defendant's motion to vacate any writ of execution already issued in this matter and its motion to dismiss plaintiff's petition for lack of jurisdiction are GRANTED.

## ORDER

AND, NOW, this 16th day of January, 1991 and in furtherance of the Court's January 16, 1991 Memorandum Opinion, the defendant's motions to vacate the writ of execution and to dismiss the action for lack of jurisdiction are granted.