H. G. STEVENS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16318. Promulgated January 9, 1929.

*Ward Loveless, Esq.,* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

OPINION.

SIEFKIN: The petitioner alleges error of the respondent in including in its taxable income for the year 1920, the amount of $25,000 as a profit earned in 1920 from the sale of an interest in the Georgia Veneer & Lumber Co., whereas the petitioner alleges this

transaction occurred in August, 1919. The petitioner also alleged that assessment and collection of the tax are barred by the statute of limitations. The respondent in his answer alleges that the petitioner wilfully filed a false and fraudulent income-tax return for 1920 with attempt to evade the tax in not reporting the profit realized from the sale of the stock of the Dublin Veneer Co. in 1920, and alleges that the petitioner is liable for a 50 per cent penalty. He further alleges that the statute of limitations alleged by the petitioner is not applicable, since the return of the petitioner was fraudulent.

At the hearing and in his brief the respondent took the position that since the initial payment exceeded one-fourth of the purchase price, the sale was not on the installment plan but is to be treated as a deferred payment sale, and since the respondent determined that the obligations of the purchaser had no fair market value when received by the petitioner in 1919, the amount of $20,000 of the purchase price represented by notes received by petitioner in 1919, but actually paid in 1920, should be included in the income for 1920. The respondent admits that the amount of $10,000 paid in 1919 is not includable in income for 1920.

In *S. A. Hinely*, 2 B. T. A. 1027, the taxpayer sold certain turpentine rights and timber rights on property theretofore acquired by him, receiving payment partly in cash and partly in notes due in later years. In that case we held that the gain from these sales accrued in 1916 and 1917, and no portion thereof was taxable in the year 1918 when certain of such notes were paid. We stated:

> The taxpayer claims in respect of both transactions set forth above that they were completed, one in 1916 and the other in 1917, and that no profit was realized by the taxpayer in the year 1918 upon either. It does not appear whether the taxpayer returned any profit upon these transactions in the years in which they actually occurred, but in the present proceeding this is not material. The position of the taxpayer that the transactions were closed and the profits realized in 1916 and 1917 is correct and the deficiency determined by the Commissioner must be disallowed.

In *George Antonoplos*, 3 B. T. A. 1236, the facts were as follows:

The Antonoplos Brothers in 1920 sold 1,800 shares of stock of Olympic Amusement Co. for $225,000. In 1920 they received $115,000 cash and a note for $140,000, which note was secured by collateral. The Antonoplos Brothers attempted to discount the note but could not even obtain a loan upon it. We held that the taxpayers were not entitled to make returns of income in respect of this transaction upon an installment basis, since more than 25 per cent of the total purchase price was received in the year in which the sale

took place. We further held that the difference between the cost of the stock and the cash, plus the fair market value of the note received, was taxable income for the year in which the transaction occurred.

We conclude that in the instant case any income which may have been derived from the sale of the stock was income to the petitioner in the year in which the transaction occurred, and that no taxable income was received by petitioner from the transaction in 1920. Since no tax liability resulted to the petitioner from the transaction, he can not be guilty of wilfully filing a false and fraudulent return for 1920 with intent to evade any tax due as a result of the transaction.

The petitioner's return for the year 1920 was filed on March 15, 1921, and the deficiency letter was dated April 19, 1926. There is no evidence to show when the tax for the year was assessed. The petitioner has made a prima facie showing that the statute of limitations has run with regard to 1920 taxes and the burden of showing that the case is subject to any exception contained in the statute is upon the respondent. *Farmers Feed Co.*, 10 B. T. A. 1069. We have already shown that petitioner did not wilfully file a false and fraudulent return with intent to evade the tax, and no other reason for the suspension of the running of the statute having been pleaded or proved by respondent, we hold that collection of the tax for 1920 is barred.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

ARUNDELL concurs in the result.

TRAMMELL, dissenting: It does not follow that there is no deficiency because the transaction occurred in 1919 and not in 1920. If the notes did not have a market value in 1919 when received, the petitioner received income in 1920 when they were paid. There was no evidence on this question. In my opinion, the burden was on the petitioner to introduce sufficient evidence to show that there was no deficiency in 1920. The petitioner did not report income in either year.