ESTATE OF BEN PEARL, BY HENRY KLINE, FORMERLY EXECUTOR, AND BERNARD PEARL, SOLE DISTRIBUTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16433. Promulgated November 18, 1929.

*Henry J. Richardson, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The original petition in this proceeding raised the single issue of the statute of limitations. By his answer the respondent alleged the filing of waivers. At the hearing the sole issue was stated to be the validity of the waivers executed by the executors of the deceased taxpayer, it being contended that under the laws of the State of Mississippi the executor was without power to execute the same. This question was decided adversely to petitioner's contention in *Estate of John F. Dodge*, 13 B. T. A. 201, where we held such waivers valid, regardless of the state law limiting the power of the executor.

Subsequent to the original hearing the petitioner was granted a further hearing and raised the question of the applicability of the decision of the Supreme Court in the case of *Russell v. United States*, 278 U. S. 181, as to the year 1917 and amended its assignment of error by alleging in substance that no proceeding for the collection of the tax claimed for 1917 was instituted within five years from the date of the filing of the return or within the period of five years as extended by the waiver. It was also alleged that the assessment of the deficiency was made before the enactment of the Revenue Act of 1924.

From the facts before us it appears that the return for 1917 was filed on March 27, 1918; that an unlimited waiver was executed on February 13, 1923, and that the assessment was made during February, 1924. The Revenue Act of 1924 was passed June 2, 1924. Under the terms of an office letter addressed by the Commissioner to collectors of internal revenue and others all unlimited waivers for 1917 expired April 1, 1924. *Theodore H. Wickwire, Jr., et al., Executors*, 10 B. T. A. 102. Though the assessment was prior to the expiration of the waiver, this priority did not prevent the running of the statute against collection. *Russell v. United States, supra; Theodore H. Wickwire, Jr., et al., Executors, supra.* The burden of proving existing exceptions to the statute of limitations being on the respondent (*Farmers Feed Co.*, 10 B. T. A. 1069; *Dunson Mills*, 10 B. T. A. 1150; *Bonwit Teller & Co.*, 10 B. T. A. 1300), and no

facts appearing to prevent the tolling of the statute, the collection of the tax for the year 1917 is barred.

The assessment of the tax for 1918 was made after the enactment of the Revenue Act of 1924. We have held that the waiver signed by the executor was valid. It follows that the statute of limitations did not run as to the collection of the tax for 1918.

> *Decision of no deficiency for the year 1917 will be entered. Decision will be entered for the respondent as to the year 1918.*