SUMMERILL TUBING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74070. Promulgated July 20, 1937.

*W. A. Seifert, Esq., W. W. Booth, Esq., Robert L. Kirkpatrick, Esq.,* and *A. G. Wallerstedt, C. P. A.,* for the petitioner.

*John F. Greaney, Esq.,* and *L. C. Mitchell, Esq.,* for the respondent.

# 350

LEECH: The controlling Revenue Act of 1928, section 275,[1] obviously, bars the assessment of the present deficiency and, *a fortiori*, the contended fraud penalty (*Samuel L. Huntington*, 35 B. T. A. 835), unless, under section 276 [2] of that act, the return for 1929 was "false or fraudulent with intent to evade tax." This issue is separate from that involved in section 293 (b),[3] under which the amount, only, of the fraud penalty is fixed, and must be answered before we reach the question of the existence of any deficiency. See *Charles J. Delone*, 34 B. T. A. 1139. Respondent has the burden of proving by

---

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) *General rule.*—The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

(b) *Request for prompt assessment.*—In the case of income received during the lifetime of a decedent, or by his estate during the period of administration, or by a corporation, the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within one year after written request therefor (filed after the return is made) by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of two years after the return was filed. This subsection shall not apply in the case of a corporation unless—

(1) Such written request notifies the Commissioner that the corporation contemplates dissolution at or before the expiration of such year; and

(2) The dissolution is in good faith begun before the expiration of such year; and

(3) The dissolution is completed.

(c) *Corporation and shareholder.*—If a corporation makes no return of the tax imposed by this title, but each of the shareholders includes in his return his distributive share of the net income of the corporation, then the tax of the corporation shall be assessed within four years after the last date on which any such shareholder's return was filed.

[2] SEC. 276. SAME—EXCEPTIONS.

(a) *False return or no return.*—In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(b) *Waivers.*—Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

(c) *Collection after assessment.*—Where the assessment of any income tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

[3] SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.

\* \* \* \* \* \* \*

(b) *Fraud.*—If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

the preponderance of clear and convincing evidence that such intent existed. *Charles J. Delone, supra.*

The record discloses convincingly that the return for the tax year was filed by its president, who had the authority so to do; that such return was false in its statement of taxable income because that statement reflected its deduction of fictitious purchases in the comparatively substantial amount of $76,939.63. See *National Bank of Commerce* v. *Allen*, 223 Fed. 472; *United States* v. *Ninety-Nine Diamonds*, 139 Fed. 961. The authorities are clear that such facts constitute convincing evidence of the intent of the corporation to evade income taxes in the filing of the return. *Lorraine Corporation*, 33 B. T. A. 1158; *L. Schepp Co.*, 25 B. T. A. 419. But petitioner, apparently, argues this effect of that evidence is contradicted here by the logical conclusion from the record that, in filing the false return, petitioner's president, Gabel, intended, only, to hide his corporate defalcations from the corporation for what were, obviously, selfish reasons. Ingenuous as this position seems, we do not think it avails petitioner here. Gabel's selfish interest in saving himself by filing the false return is entirely consistent with and does not contradict the concurrent existence of his intent to evade corporate income tax by that return, which the record otherwise clearly reveals.

The request of Parker, who succeeded Gabel as president, to the respondent to audit the corporate records after Gabel's depredations were discovered, discloses, at most, only a change of corporate intent. But the intent with which we are alone concerned was the corporate intent in filing the return, which is reflected here by that of its then president, Gabel, who was authorized to make the return in question.

Consequently, we have found that the return was filed "with intent to evade tax." From this fact, under section 276, *supra*, it follows that the disputed deficiency is not barred by section 275, *supra*.

We, therefore, pass to the question of the deficiency. Petitioner has the burden of proof in establishing error in the determination of the deficiency. *Charles J. Delone, supra.*

The substantial part of the deficiency results from petitioner's overstatement of purchases. Respondent concedes that there were fictitious purchases but contends that they were less than the amount claimed by petitioner and that the corporate payments or credits, therefore, were not made or effected until 1930.

It is true the cash book of the corporation contains entries indicating the payment for several items of the fictitious purchases in January 1930. But those entries are not controlling here. *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179. The reconciliation from the books; the evidence that the actual date of cancellation of the only available check given in payment for a fictitious purchase was October

1929, while the cash book showed its entry as of January 4, 1930; the established practice of the corporation of reflecting on its books for the first week of a calendar year transactions that occurred during the prior year; respondent's explicit admission in his first amended formal answer to petitioner's petition "that during the year 1929 one Samuel Landis Gabel, took from the petitioner corporation the sum of $76,939.63 in cash which was used in his own personal affairs * * *"; and other evidence establishes to our satisfaction that Gabel, the president of petitioner, during the calendar year 1929, by means of fictitious purchases wrongfully took from petitioner the sum of $76,939.63 and converted the same to his own use. Likewise, it is clear petitioner never received any consideration from those fictitious purchases, nor has it been compensated in any manner, by note, promise, or otherwise, for that amount thus wrongfully taken from it. The conclusion follows that petitioner is entitled to a deductible loss of $76,939.63 for the tax year. Revenue Act of 1928, sec. 23 (f).[4] *Commissioner* v. *Highway Trailer Co.*, 72 Fed. (2d) 913; *Earle* v. *Commissioner*, 72 Fed. (2d) 366; *First National Bank of Sharon* v. *Heiner*, 66 Fed. (2d) 925; *Grenada Bank*, 32 B. T. A. 1290; *Gottlieb Realty Co.*, 28 B. T. A. 418; *Parker Wire Goods Co.*, 8 B. T. A. 448.

The allowance of the deduction of the amount of fictitious purchases, $76,939.63, on this record, leaves for our determination, only, the propriety of respondent's disallowance of petitioner's deduction of $500 paid the Commonwealth of Pennsylvania during the tax year as a bonus on its increased issue of capital stock in the computation of the disputed deficiency. The disallowance of this deduction was right. *United Gas Improvement Co.*, 25 B. T. A. 1382; affd., 64 Fed. (2d) 957. But it is not contended nor does the evidence indicate that the deduction of this item was "due to fraud with intent to evade tax."

Thus, since that part of the deficiency resulting from the petitioner's overstatement of purchases is eliminated from the deficiency by reason of the allowed deduction of a loss in the amount of that overstatement, no part of the deficiency, as redetermined here, was "due to fraud with intent to evade tax." It follows that no basis exists for the imposition of any fraud penalty. Revenue Act of 1928, sec. 293 (b), *supra*. See *Samuel L. Huntington*, *supra*.

*Decision will be entered under Rule 50.*

---

[4] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(f) *Losses by corporations.*—In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise.