**ELFMON v. UNITED STATES.**

No. 6688.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 20, 1953.

Decided Jan. 4, 1954.

James M. Roberts, Atlanta, Ga., for appellant.

Jerome Fink, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to the Atty. Gen., Charles P. Green, U. S. Atty., Louisburg, N. C., and Cicero P. Yow, Asst. U. S. Atty., Wilmington, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal by a taxpayer from a judgment in favor of the United States in a suit for the refund of income tax, penalty and interest paid by taxpayer for the year 1942. For opinion below see D.C., 112 F.Supp. 416. Taxpayer is a physician who prior to June 1942 was engaged in the practice of medicine in partnership with another physician in Fayetteville, N. C. In May 1942 he was inducted into the army from which he was not discharged until November 1945. While in the army he was allowed by section 507 of the Revenue Act of 1942, 56 Stat. 798, 26 U.S.C.Int.Rev. Acts, page 352, to defer his 1942 income tax return, which he did not make until 1946. His actual income for 1942 was not subject to income tax under the provisions of section 6(d) (1) considered in connection with section 6(b) (1) of the Current Tax Payment Act of 1943, 57 Stat. 126, 26 U.S.C.Int.Rev. Acts, page 406. In filing in 1946 the return for 1942, however, he followed the partnership return made by his partner for the year 1942 and reported less than his actual income. Because of this false return, the court below held that he was not entitled to the relief provisions of section 6 of the Current Tax Payment Act of 1943, 57 Stat. 126, and upheld the assessment of taxes on the basis of a

corrected 1942 return plus a 50% fraud penalty and interest, amounting in all to $6979.13. Taxpayer had paid this amount and brought suit for its recovery as allowed by statute; and from judgment denying the recovery he brings this appeal.

It is admitted that the trial court properly held that, if taxpayer's income had been correctly stated in the return he filed for the year 1942, he would not have been subject to any tax thereon. This being true, it does not appear how he could have had the "intent to evade tax" which is necessary to make "additions to the tax" applicable so as to defeat the relief provision of the Current Tax Payment Act of 1943, 57 Stat. 126, § 6(b). The language of the relief provision relied upon to defeat its application is as follows:

"This subsection shall not apply in any case in which the taxpayer is convicted of any criminal offense with respect to the tax for the taxable year 1942 *or in which additions to the tax for such taxable year are applicable by reason of fraud.*" (Italics supplied.)

In determining whether "additions to the tax for such taxable year are applicable by reason of fraud", we must look to 26 U.S.C. § 293(b) which provides:

"(b) Fraud. If any part of any deficiency is due to *fraud with intent to evade tax,* then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612(d) (2)". (Italics supplied.)

The error of the trial court seems to have arisen from treating the 1942 income tax return, which was filed in 1946, as though it had been filed when due in 1943. If it had been filed when due, this would have been at a time when there was a tax assessable under the law as it then stood on the actual income for that year; consequently there would have been a deficiency in the tax as reported and "additions" would have been applicable "by reason of fraud" in understating the amount of income. When it was filed in 1946, however, no tax was assessable on the actual income for 1942 because of statutory changes which had occurred in the meantime; there was consequently no deficiency in the tax as reported; and the understatement of income could not be said to have been made with "intent to evade tax" when no tax was assessable on the true facts. Intent to evade tax must be judged as of the time that the return was filed, not as of the time that return should have been filed if time for filing had not been extended.

It is argued that the provisions of section 293(b) are satisfied if there is a filing of a false return with any sort of fraudulent intent, and the learned judge below was of opinion that it would have been sufficient if taxpayer's intent had been to conceal an understatement of a prior year, or to conceal the fraud of his partner or to avoid a nonexistent tax which through error of law he thought to be assessable against him. This, we think, is an erroneous interpretation of the law. Section 293(b) is dealing with assessments of deficiencies in taxes, not deficiencies in income. See 40 Stat. 1082–1083. It authorizes the 50% penalty only if there is a deficiency in the tax returned and "if any part of any deficiency is due to fraud with intent to evade tax". If no tax was due for the year, there could be no deficiency in the tax returned; and taxpayer "could not be guilty of attempting to evade or defeat a tax unless some tax was due." Gleckman v. United States, 8 Cir., 80 F.2d 394, 399; H. G. Stevens v. Com'r of Internal Revenue, 14 B.T.A. 1120–1123; Summerill Tubing Co. v. Com'r of Internal Revenue, 36 B.T.A. 347.

It is said that if taxpayer had filed the return in regular course instead of taking advantage of the delay which the statute of 1942 permitted, there would have been a tax due at the time

it was filed and that a deficiency would have been assessable on the return; and it is argued that taxpayer is in no better position with respect to the return than if he had filed it in regular course. The answer, as heretofore pointed out, is that, before it was filed, there had been a change in the law, the effect of which was to relieve taxpayer of the tax unless additions were applicable by reason of fraud and no such additions were applicable. It is argued for the government that this is to indulge in circular reasoning because it is said that taxpayer was not entitled to the relief provisions of the statute which would exempt him from tax unless he had filed a proper return. The relief provisions, however, were not made applicable on condition that a correct return had been or should be filed for 1942. They were made generally applicable with the provision that they should not apply where taxpayer had been convicted of a criminal offense or where fraud penalties were assessable against him. As we have seen, no fraud penalties were assessable.

We are not impressed by the argument that even though no tax was due on taxpayer's income for the year 1942, the return may nevertheless have been made with fraudulent intent to evade tax because taxpayer may have mistakenly thought that he was liable for tax. To decide the case on any such basis would be to ignore the presumption that taxpayer is presumed to have known the law and would be contrary to all the evidence that there is in the record on the subject.

Having reached the foregoing conclusion, it is not necessary to go into the question of taxpayer's good faith in filing the false return. It is strongly urged, however, that taxpayer being advised by an accountant that he had no tax liability for the year because of the relief provisions of the 1943 Act, filed the return prepared for him, in good faith and without fraudulent intent of any sort. We need not go into the arguments pro and con as to this, since, as stated, there was no deficiency in the return and there could be no intent to evade tax where no tax was due.

We were impressed on oral argument by the contention, first advanced in the government's brief, that the additions to tax were assessable on the return under the provisions of 26 U.S.C. § 3612 (d) (2), and ordered that additional briefs be filed addressed to that point. The additional brief filed by the government properly concedes that the provisions of that section have no application. The section stems from section 3176 of the Revised Statutes of 1878. In the Revenue Act of 1918, a special penalty provision was added to take care of income tax deficiencies. That provision was section 250(b) of the 1918 act, 40 Stat. 298, and 293(b) of the Internal Revenue Code. In the original enactment it was provided, 40 Stat. 1083, "If the understatement is false or fraudulent with intent to evade the tax, then, *in lieu of the penalty provided by section 3176 of the Revised Statutes,* as amended, for false or fraudulent returns willfully made, but in addition to other penalties provided by law for false or fraudulent returns, there shall be added as part of the tax 50 per centum of the amount of the deficiency." (Italics supplied.) In regulation 65, article 445, of the year 1924 it is said: "The 50% addition to tax provided by section 3176, Revised Statutes, as amended by section 1003, Internal Revenue Act, 1924, in cases where the taxpayer willfully makes a false or fraudulent return, does not apply in the case of income tax returns. See section 275(b)". See also Montgomery's Federal Taxes 1951–52 vol. 2 p. 1351; Klein Federal Income Taxation p. 1675.

For the reasons stated, the judgment appealed from will be reversed and the cause will be remanded to the court below with direction to enter judgment for the taxpayer.

Reversed.