**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gordon C. BORCHARDT et al.,
Defendants-Appellants,**

**Charles Oran Mensik et al., Defendants.**

**No. 71–1784.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 26, 1972.

Decided Nov. 14, 1972.

Sherwood K. Platt, and George V. Bobrinskoy, Jr., Chicago, Ill., for defendants-appellants.

Scott P. Crampton, Meyer Rothwacks, Crombie J. D. Garrett and Bruce I. Kogan, Tax Div., Dept. of Justice, Washington, D. C., James R. Thompson, U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

HASTINGS, Senior Circuit Judge.

This is an appeal from a summary judgment entered in favor of the United States, plaintiff-appellee, in a suit brought under § 7403 of the Internal Revenue Code of 1954 to foreclose a federal tax lien. The judgment declared that the Government had a valid and subsisting lien in the amount of $513,-568.81 in certain residential property located in Oak Park, Illinois. The United States Marshal was ordered to sell the property in satisfaction of the Govern-ment's lien. Defendants-appellants Gordon and Mary Borchardt are the present fee owners of the property, and they occupy it. Defendant-appellant Mid-America National Bank of Chicago is their mortgagee. The lien attached during the time the property was owned by the Borchardts' grantor, defendant Mary Mensik, because of income taxes that she and her husband, defendant Charles Oran Mensik, had left unpaid. The latter has never had an interest in the property.

The Government alleged (and it is not disputed here) that an assessment against the Mensiks was made on June 17, 1958, for 1956 income taxes due and unpaid and that a notice of lien meeting the requirements of § 6323(f) of the Code was properly filed and refiled thereafter. The Government also alleged that the instant action was timely filed by reason of waivers signed by the Mensiks. Finally, the Government alleged that it had no knowledge of Mary Mensik's whereabouts.

By virtue of §§ 6321 and 6323(a) and (g) of the Code, the lien was effective to defeat the rights of Mary Mensik and purchasers from her so long as it remained in force. Federal tax liens "continue until the liability * * * is satisfied or becomes unenforceable by reason of lapse of time." Internal Revenue Code, § 6322. There is no contention here that the Mensiks' tax liability has been satisfied. Rather, appellants submit that the lien has been extinguished by the running of the statute of limitations prior to the initiation of this action; the Government, of course, disagrees. It claims that the normal six-year statute established by § 6502(a) of the Code was extended by a series of agreements (waivers) between the Mensiks and the District Director of Internal Revenue in accordance with the provisions of that section. To sustain this claim the Government submitted to the trial court photocopies of three tax collection waivers which purported to extend the statute to the last days of the

years 1965, 1967 and 1969, respectively. The waivers will be referred to by the year through which each document purports to extend the statute.[1] If all the

1. The 1969 waiver is reproduced below. With the single exception discussed in the text, *infra*, this waiver is substantially identical to the other two.

---

FORM 900
(REV. D 1961)

**U.S. TREASURY DEPARTMENT—INTERNAL REVENUE SERVICE**

## TAX COLLECTION WAIVER

NAME AND ADDRESS OF TAXPAYER

CHARLES ORAN MENSIK and MARY MENSIK
1033 North Fair Oaks Avenue
Oak Park, Illinois

It is hereby agreed by and between the above-named taxpayer, party of the first part, and the District Director of Internal Revenue, party of the second part, that the unpaid balance of the assessment identified below may be collected (together with such interest, penalties, or other additions as provided for by law which have accrued and which may accrue on the assessment) from said party of the first part by levy or by a proceeding in court begun on or before the date which is shown at the right hereof.

STATUTE EXTENDED TO
December 31, 1969

| CLASS OF TAX AND PERIOD | ASSESSMENT DATE | REFERENCE NUMBER | UNPAID BALANCE OF ASSESSMENT |
|---|---|---|---|
| INCOME 1956 | 6-17-58 | D 27900 58L | $354,348.33 |

DATE 2-15-67 TAXPAYER *Charles Oran Mensik*

DATE 2-15-67 TAXPAYER *Mary Mensik*

BY *[signature]*

DISTRICT DIRECTOR OF INTERNAL REVENUE

E. C. Coyle, Jr.

BY (SIGNATURE & TITLE) *[signature]* G. Suzuki, Revenue Officer

DATE 2/15/67

CORPORATE SEAL

If this waiver is executed on behalf of a corporation, it must be signed by such officer or officers of the corporation as are empowered under the laws of the State in which the corporation is located to sign for the corporation, in addition to which, the seal, if any, of the corporation must be affixed.

PART 1 — IRS COPY

FORM 900 (REV. 12-61)

☆ U. S. GOVERNMENT PRINTING OFFICE: 1962-632243

[A6826]

waivers are valid, the action was timely brought.[2] It is with regard to the authenticity of Mary Mensik's signature on the 1969 waiver, and as to the validity of the waiver which depends on such authenticity, that appellants contend they have succeeded in raising a genuine issue as to a material fact.[3]

The trial court rejected appellants' attack on the authenticity of the signature because it thought they lacked standing to make it.[4] On oral argument, the Government conceded the error in the trial court's holding on this point, but it puts forth other grounds for affirmance.

The Government's first argument is based on the fact that Mary Mensik, who was served by publication pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, Title 28, U.S.C.A., and chapter 110, § 14 of the Illinois Revised Statutes (1969), failed to answer the complaint and, on application of the Government, her default was entered by the clerk. Since appellants claim through her, the argument goes, they lack standing to contest the authenticity of the signature and the validity of the waiver, since all the allegations of the complaint are established as to her by the entry of default. This argument misconceives the nature of a default; although a default may serve as the basis for a default judgment [Rule 55(b), Fed.R.Civ.P.], the entry does not of itself determine rights. Moreover, even if Mary Mensik had suffered a default judgment before the Government moved for summary judgment against appellants, they would not have been barred from proceeding with their own defense to the foreclosure action. *See* Hawkeye-Security Insurance Co. v. Schulte, 7 Cir., 302 F.2d 174, 177 (1962), and cases cited therein. It is clear that appellants here have standing to question the validity of the tax collection waivers.

The Government's other contention in support of the district court's summary judgment is that appellants did not suc-

2. "[The] tax may be collected  *  *  * by a proceeding in court, but only if  *  *  * the proceeding [is] begun  *  *  * prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer *before the expiration of* [*the*] *6-year period*  *  *  *. The period so agreed upon may be extended by subsequent agreements in writing made *before the expiration of the period previously agreed upon.*"
Internal Revenue Code, § 6502(a) (emphasis added).

The Government's prospects for ultimate success in this litigation depend on the validity of all three waivers, for if any one of them is invalid, a hiatus will have been created which is incapable of being bridged retroactively.

3. Appellants also submitted, as part of their cross-motion for summary judgment, the affidavit of a handwriting expert who stated that, to the extent he was able to make a chirographic analysis of the photocopies, it was his opinion that the signature "Mary Mensik" on the 1969 waiver was made by the same person who signed "Mary Mensik" to the 1965 and 1967 waivers. Logically, this affidavit helps appellants only if some additional factor raises a genuine issue of

fact with respect to the validity of the 1969 waiver. However, raising a question concerning the validity of the 1969 waiver will of itself suffice to withstand the Government's summary judgment motion; for, as we indicated in note 2, *supra*, ultimate resolution of this issue adversely to the Government will bar its success in this action. There is, therefore, no need to treat the affidavit further.

4. The court reached this conclusion by reference to its holding that the appellants, as third parties, had no standing to question the underlying assessment against the Mensiks, citing Falik v. United States, 2 Cir., 343 F.2d 38, 41 (1965); Graham v. United States, 9 Cir., 243 F.2d 919, 922 (1957); and United States v. Pearson, S.D.N.Y., 258 F.Supp. 686, 689–690 (1966). Regardless of the correctness of this holding (which appellants do not raise here), the two situations are not parallel. To allow a person with an interest inferior to a Government tax lien to show procedural or technical irregularities with respect to the filing of notices or the execution of waivers of the statute of limitations is not to condone the type of interference with the orderly and efficient collection of taxes that the cases cited by the district court arguably strive to protect.

ceed in controverting the Government's allegations that the tax collection waivers were valid. The form on which the waivers appear [5] contains three lines for taxpayer signatures. The first two are designated "TAXPAYER." The printed caption on the third line is "BY," and the line is evidently intended for the signature of a corporate officer (as indicated in the lower left corner), partner, trustee or other representative of a nonindividual taxpayer. On the 1965 and 1967 waivers, signatures purporting to be those of Charles Oran Mensik and Mary Mensik, respectively, appear on the first two lines. The third line is blank. The 1969 waiver likewise bears signatures on the first two lines purporting to be those of Charles Oran Mensik and Mary Mensik, respectively. But this form also contains the signature "Charles Oran Mensik" on the third line, after the word "BY."

■ Since the Government seeks the benefit of an exception to the running of the statute of limitations, it bears the burden of proving the validity of the waivers.[6] The Government does not deny having that burden here. It may ordinarily rely on § 6064 of the Code, which provides that "[t]he fact that an individual's name is signed to a * * * document shall be prima facie evidence for all purposes that the * * * document was actually signed by him." This presumption cannot, however, override an irregularity on the face of the document in question. Appellants claim that the signature "Charles Oran Mensik" on the "BY" line of the 1969 waiver is such an irregularity. We agree and hold that this irregularity requires a factual determination as to whether or not Mary Mensik signed the 1969 waiver. This raises a genuine issue as to a material fact, and it was error for the district court to grant summary judgment.

For the foregoing reasons, the summary judgment appealed from is vacated, and this cause is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.

---

5. See note 1, *supra*.

6. *See* Harry Ekdahl, 18 B.T.A. 1230, 1232 (1930); B. B. Jones, 18 B.T.A. 1225, 1227 (1930), rev'd on other grounds, D. C.Cir., 71 F.2d 214 (1934); Estate of Ben Pearl, 18 B.T.A. 249, 250 (1929); Frank E. Harris Co., 16 B.T.A. 469, 475 (1929); Carnation Milk Products Co., 15 B.T.A. 556, 559 (1929); H. G. Stevens, 14 B.T.A. 1120, 1123 (1929); Bonwit Teller & Co., 10 B.T.A. 1300, 1302 (1928); Farmers Feed Co., 10 B. T.A. 1069, 1076 (1928). *See also* Samuel G. Robinson, 57 T.C. 735, 737 (1972); James A. Rogers, 57 T.C. 711 (1972).