**UNITED STATES of America,**

v.

**Katherine G. D. Bourbon FORMIGE,**

**Beatrice M. Scott-Hansen, (Intervenor-Defendant), Appellant.**

**No. 80–1060.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 26, 1981.

Decided July 10, 1981.

As Amended Sept. 17, 1981.

---

Hopewell H. Darneille, III, Washington, D. C., for appellant.

Stephen Gray, Atty., Dept. of Justice, Washington, D. C., with whom M. Carr Ferguson, Asst. Atty. Gen., Charles F. C. Ruff, U. S. Atty., Washington, D. C., were on the brief, for appellee. Ernest J. Brown, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for appellee.

Before ROBINSON, Chief Judge, and McGOWAN, Circuit Judge, and RICHEY *, United States District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

This is an appeal from the denial by the District Court of appellant's motion to intervene in the present case. Appellant sought, by means of intervention, to overturn a default judgment for unpaid taxes entered against her mother. The District Court held that only a taxpayer may challenge the validity of a tax assessment, and denied appellant's motion accordingly. We affirm.

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

I.

This case arises out of the complicated tax affairs of Katherine Bourbon-Formige, appellant's mother and the taxpayer in the present case. During the taxable years in question Mrs. Formige was a dual national of France and the United States, with property holdings in both countries. Under United States law, she was required to pay income taxes on her French as well as United States property, with proper credit for foreign taxes. Since the French Government had temporarily "blocked" French currency, however, she was allowed, pursuant to Treasury ruling, to defer payment of any taxes on the blocked foreign income until the year in which the French Government lifted the exchange restrictions. Mem. 6475, 1950–1 C.B. 50. At that time, however, she would be required to aggregate all of her deferred French income in her United States tax return. *Id.* at 51–53. Pursuant to this arrangement, Mrs. Formige paid taxes only on United States property until 1967. (J.A. 60).

In 1967 the French Government unblocked French currency. Mrs. Formige engaged a tax specialist to aid in the preparation of her tax return for that year and paid $187,000 in taxes. Affidavit of Paul L. Meaders (J.A. 60–61). Some time after that, Mrs. Formige renounced her United States citizenship. In 1970, Mrs. Formige transferred her remaining United States assets to her two daughters. The transferred property consisted primarily of special partnership shares in Beach & Sun, Ltd., a limited partnership having its principal place of business in Florida.

On October 16, 1972, the IRS assessed a deficiency against Mrs. Formige of approximately $545,591.72, representing in part the taxes she should have paid to account for the years of currency blockage, plus costs and interests. On October 16, 1978, the Government sought to collect this assessment by filing three suits simultaneously. The first two, filed in Florida and New

York respectively, were fraudulent conveyance actions against Mrs. Formige's two daughters, in which the Government attempted to set aside the conveyance of Beach & Sun, Ltd. and to collect the taxpayer's outstanding tax liabilities out of the proceeds of the company's sale.[1]

In the third, the present suit, the IRS sought to reduce taxpayer's assessments to judgment pursuant to 26 U.S.C. § 7401 (Supp. III 1979). The IRS filed its complaint on October 16, 1978, properly serving taxpayer at her residence in France. Mrs. Formige chose not to defend the suit, however, and the District Court entered a default judgment in the amount of $838,-317.70, on September 5, 1979. The related Florida and New York cases are still pending.[2]

On November 7, 1979, two months after entry of default judgment, taxpayer's daughter, appellant Beatrice Scott-Hansen, moved to intervene as defendant in the present case and to set aside the default judgment, urging that the default judgment would effectively foreclose her from any further defense of the fraudulent conveyance actions in New York and Florida. The District Court denied the motion, and a subsequent motion for reconsideration.

## II.

The District Court, in denying intervention, noted that:

(1) the Default Judgment was rendered by this Court for failure to pay taxes, (2) Defendant taxpayer never appeared before the Court, . . . (6) Petitioner [appellant] is not the defendant taxpayer, and (7) she therefore lacks standing to set aside the judgment.

We concur in this analysis.

The sole issue on appeal is whether a third-party/transferee of property from a taxpayer has standing to intervene to set aside a default judgment entered in an action brought by the United States against the taxpayer to reduce tax assessments to judgment. The appellant advances two arguments for her right to intervene. First, appellant argues that the District Court failed to recognize that as a transferee, against whom a derivative claim has been asserted, she has a concrete "personal stake in the outcome of the controversy." (Appellant Br. at 8). Second, the District Court's determination failed to recognize appellant's legal right, as a transferee against whom a derivative claim has been asserted, to stand in her taxpayer/transferor's stead and to raise any defenses which her transferor could have asserted. (Appellant's Br. at 19).

However, a review of the case law is crystal clear that, in the circumstances of this case, "only the taxpayer may question the assessment." *Moyer v. Mathas*, 458 F.2d 431, 434 (5th Cir. 1972); *Falik v. United States*, 343 F.2d 38 (2d Cir. 1965); *Graham v. United States*, 243 F.2d 919, 922 (9th Cir. 1957); *Bailey v. United States*, 415 F.Supp. 1305 (D.N.J.1976); *United States v. Pearson*, 258 F.Supp. 686 (S.D.N.Y.1966); *Cooper Agency, Inc. v. McLeod*, 235 F.Supp. 276 (E.D.S.C.1964), *aff'd per curiam*, 348 F.2d 919 (5th Cir. 1965); *Quinn v. Hook*, 231 F.Supp. 718 (E.D.Pa.1964), *aff'd per curiam*, 341 F.2d 920 (3rd Cir. 1965); *Commercial Credit Corp. v. Schwartz*, 126 F.Supp. 728 (E.D.Ark.1954).

The judgment appealed from is affirmed.

*It is so ordered.*

1. *United States v. Scott-Hansen*, Civ. No. 78–4869 (S.D.N.Y. filed October 16, 1978); *United States v. Scott-Hansen*, Civ. No. 78–906 (M.D. Fla. filed Oct. 16, 1978).

2. By order dated April 9, 1980, the New York case was suspended pending the outcome of the present appeal. In turn, the parties to the Florida action have entered into a stipulation to be bound by the outcome of the action in New York. J.A. 93–94.