UNITED STATES of America, Plaintiff,

v.

Maria A. CAMEJO, Rolando Sosa, Juan A. Sosa, Apolina Sosa, Coral Gables Federal Savings & Loan Association, Intercontinental Metal, Inc., Defendants.

No. 86–2058–CIV.

United States District Court,
S.D. Florida.

Aug. 5, 1987.

Jose F. DeLeon, Dept. of Justice, Washington, D.C., for plaintiff.

Mark J. Sanner, Neil P. Linden, Coral Gables, Fla., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises before the Court upon the Plaintiff's Motion for Summary Judgment, pursuant to Fed.R.Civ.Proc. 56. One Defendant, Intercontinental Bank, has filed an opposing memorandum, the remaining Defendants did not respond to the Motion. The United States [hereafter referred to as the Government] moves for judgment in its favor determining that the tax liens at issue in this cause have priority over the interests of Defendants Rolando Sosa, Juan A. Sosa, Apolinia Sosa, and the Intercontinental Bank, in certain real property located in Dade County, Florida.

The following facts are not disputed. Assessments were made against Felix F. Camejo (now deceased) and Maria A. Camejo (his wife) for their joint liability for federal income taxes on the dates, in the amounts, and for the taxable periods set forth below:

| Date of Assessement | Amount of Tax and Interest Assessed | Taxable Period |
|---|---|---|
| September 16, 1974 | $3,408.42 (T) 1,619.56 (I) | 1965 |
| September 30, 1974 | $2,751.75 (T) 1,142.43 (I) | 1966 |
| October 7, 1974 | $1,788.36 (T) 635.16 (I) | 1967 |

The taxpayers filed returns for the 1966 tax year on April 15, 1967, and for tax year 1967 the return was filed on April 15, 1968. The Plaintiff's exhibit indicates that the tax return for the 1965 tax year was filed on September 16, 1974, however, the Defendant Intercontinental argues that the 1974 date is incorrect because it is the same date as the assessment for that tax year.

On September 24, 1975, the Government filed a Notice of Federal Tax Lien with the Clerk of the Court in and for Dade County, Florida, for the above described assessments. The taxpayers Felix F. and Maria A. Camejo first acquired the property at issue by warranty deed dated July 25, 1973 and less than two years later, on April 5, 1975, Felix Camejo died. By warranty deed dated June 6, 1975, Maria Camejo conveyed the property at issue to herself and Clara Camejo, as joint tenants with rights of survivorship. In a warranty deed dated March 1, 1985, and duly recorded on April 25, 1985, Maria Camejo, individually and as power of attorney for Clara Camejo, conveyed the real property at issue to Rolando Sosa and Mark J. Friedman.[1] Mark Friedman and Rolando Sosa then conveyed the property to Juan A. Sosa, Apolina Sosa, his wife, and Rolando Sosa by warranty deed dated August 4, 1985, and recorded January 9, 1986. Two banks also claim an interest in the property. One, Coral Gables Federal Savings & Loan, claims an interest by virtue of a mortgage dated May 10, 1973, and recorded June 26, 1983. Intercontinental Bank claims an interest in the property by way of mortgage dated August 3, 1984, and recorded September 17, 1984. It should be noted that both bank's interests, via their mortgages, were acquired while the Camejo's were the owners of the property.

The Government instituted this suit on September 26, 1986 to reduce to judgment the tax liability of Maria A. Camejo. On April 8, 1987, the Clerk of the Court entered a default against Maria A. Camejo. A default judgment was entered by the Court on June 16, 1987, ruling that Maria A. Camejo was indebted to the Government for $24,338.27 plus interest. The Government now seeks a ruling that its tax liens have priority over the interests of all the Defendants, except Coral Gables Federal Savings & Loan, because the tax liens arose on September 16, 1984, September 30, 1974, and October 7, 1974, all prior to any lien of the Defendants, except for Coral Gables Federal.

In support of its priority argument the Government files exhibits and affidavits establishing that the liens were assessed on the above-stated 1974 dates and filed on September 24, 1975, and refiled on July 15, 1980. The Internal Revenue Code and case law interpreting it provide that a tax lien arises at the time of assessment, and applies to property owned by the delinquent taxpayer at any time during the life of the lien. 26 U.S.C. § 6322; *Glass City Bank v. United States*, 326 U.S. 265, 268–269, 66 S.Ct. 108, 110–111, 90 L.Ed. 56 (1945). It is undisputed that Maria A. Camejo owned the property at issue during the life of the tax liens, i.e. for a period of time after 1974 until April 25, 1985 when she conveyed the property to Rolando Sosa and Mark J.

---

1. Mark Friedman was originally named as a Defendant and dismissed from the action by Plaintiff as he had no interest in the property at the time this action was filed to enforce the lien.

Friedman. It is also undisputed that Intercontinental Bank's interest in the property was not acquired until August 3, 1974.

Intercontinental Bank argues that summary judgment should not be granted here because an issue of material fact remains; whether the Government made timely assessments as required by 26 U.S.C. § 6501(a). Specifically, Intercontinental argues that the assessments are untimely because they were entered more than three years from the date the tax return was filed. § 6501(a) requires that any outstanding taxes the Government seeks to impose must be assessed within three years after the return was filed or at any time after such tax became due and within three years after partial payment payment is made. 26 U.S.C. § 6501(a). The remainder of § 6501 provides certain exceptions to this three year time limitation within which an assessment must be made. These exceptions include failure of the taxpayer to file any return, willful attempt to evade payment of taxes and filing of a false or fraudulent return, in which case the Government can initiate court proceedings at any time without having made a timely assessment. 26 U.S.C. § 6501(c). An actual assessment is no more than ascertainment of an amount due to IRS and formal entry in the books of the Secretary of the Department. *United States v. Dixieline Financial, Inc.*, 594 F.2d 1311 (9th Cir. 1979).

The exhibits filed by the Government in support of their motion indicate that the tax return for 1965 was filed on September 16, 1974, the return for 1966 was filed on April 15, 1967, and that the tax return for 1967 was filed on April 15, 1968. As stated above, assessments for all three years were made in September and October of 1974. Intercontinental argues that the assessments for all three years were well past the three year limitation period and thus, proceedings for the collection of the tax are barred by the procedural rules governing IRS in its assessment and collection of taxes. As to the filing date of the 1965 tax return, Intercontinental asserts that the September 16, 1974 date set forth in the Government exhibit "A" must be an

error in the certificate because that is the same date of the assessment. However, Intercontinental has not submitted any evidence in support of its position that the September 16, 1974 date is not the actual date the 1965 tax return was filed. Assuming the date relied on by the Government is correct, and the tax return was filed some nine years late, the assessment for that year is timely as it occurred within three years after the date the return was filed. As to the other two years, 1966 and 1967, based on the Government's own documents, it appears that the assessments were well beyond the three year period commencing after the tax the return was filed. Nor does the Government argue that this case falls within one of the exceptions to the three year period for making the assessment. Rather, the Government asserts that Intercontinental does not have standing to challenge the timeliness of the assessments.

The Government argues that only the taxpayer can attack the validity of the assessments at issue. In making this argument, the Government relies on the cases of *United States v. Formige*, 659 F.2d 206 (D.C.Cir.1981), and *Moyer v. Mathas*, 458 F.2d 431 (5th Cir.1972). In *Moyer v. Mathas* a subsequent purchaser of property subject to federal tax liens brought suit against the United States seeking to challenge the validity of tax assessments made against the taxpayer-grantor. *Moyer*, 458 F.2d 431. In discussing the Plaintiff-grantee's standing to make such a challenge under § 7426(c) the Court stated, "Without discussing the general inability of a nontaxpayer to attack the merits of tax assessments made against a taxpayer, we think that Moyer [the Plaintiff] is foreclosed from asserting the underlying invalidity of the assessments against Maggie Tookes [the taxpayer-grantor] by the principles of res judicata." *Id.* at 434. Several relevant points can be gleaned from the Court's holding. First, the general inability of a third party to challenge the validity of an assessment applies to actions instituted by a taxpayer under 26 U.S.C. § 7426(c). Second, the actual holding that the grantee

could not challenge the assessment was based not on his lack of standing but, rather, on res judicata principles. Specifically, the Court found a previous judgment against the taxpayer was an adjudication of the taxpayer's liability and the grantee to whom the taxpayer had transferred the property while the tax liability litigation was pending was in privity with the taxpayer and, thus, barred by res judicata. Lastly, the general rule referred to by the *Moyer* court only prohibits a third party from challenging the underlying merits of the assessment, i.e., the correctness of the IRS determination of outstanding tax liability.

▬ In contrast to the *Moyer* facts, the party instituting suit in the instant case is the United States, suing to enforce a lien under 26 U.S.C. § 7403. Pursuant to § 7403, all persons having a lien upon or interest in the property at issue shall be made parties and upon notice, the Court shall "proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property". 26 U.S.C. § 7403(b), (c). When the Government seeks the aid of the Courts in enforcing an assessment, it opens the assessment to judicial scruitiny in all respects. *United States v. O'Connor*, 291 F.2d 520 (2nd Cir.1961); *Quinn v. Hook*, 231 F.Supp. 718 (E.D.Penn.1964). Thus, in an action instituted by the Government to enforce its tax liens under § 7403, the merits of the claim are clearly open to challenge. The issue of whether a third party, in an action by the Government under § 7403, may challenge the Government's allegations regarding assessments was addressed in *United States v. Borchardt*, 470 F.2d 257 (7th Cir.1972). There, the Court held that a grantee had standing, in an action by the Government to foreclose a federal tax lien, to raise their own defenses to the foreclosure action, even where default judgment had been entered against the taxpayer-grantor.

The *Borchardt* case is factually very similar to the instant case and its logic and ruling very persuasive when applied to the instant case. The Plaintiffs in both cases acquired their interests from taxpayer against whom IRS sought obtained the tax liens. Also, the Plaintiff here, like in *Borchardt*, seeks to challenge a procedural aspect of the IRS's own case. In *Borchardt*, the grantee sought to challenge the validity of a waiver that, if valid, extended the statute of limitations within which the Government could bring suit to enforce the lien. This challenge is similar to Intercontinental's argument that the Government did not make its assessments within the three year statutory limitation period. In discussing the right of third parties to raise their own defenses to the foreclosure action the Court stated, "To allow a person with an interest inferior to a Government tax lien to show procedural or technical irregularities with respect to the filing of notices or the execution waivers of the statute of limitation is not to condone the type of interference with the orderly and efficient collection of taxes that the cases cited by the district court [referring to cases cited for the proposition that third parties have no standing to question the *underlying* assessment] arguably strive to protect." *Id.* at 260. Thus, to allow a third party to challenge material facts of the Government's own case, i.e., the procedural requirements which the Government must follow in assessing outstanding tax liability and enforcing liens, does not violate the long-standing principle that a third party cannot bootstrap an attack on the validity of an assessment to an action initiated by a taxpayer or his transferee to quiet title or determine priority of liens.

The same reasoning is applicable to the instant case. First, the Defendant here is not attempting a collateral attack on the underlying assessment. Rather, he is challenging the Government's compliance with the procedural rules it must follow in making the assessments, creating valid tax liens, and enforcing those liens. Secondly, this action, like that in *Borchardt*, is brought by the Government, it is not a situation instituted by a third party ostensibly to quiet title or enjoin the Government from collecting taxes. Accordingly, the general rule that a third party cannot challenge the underlying tax assessment is not applicable to the instant case.

■ For the reasons stated above, Defendant Intercontinental has standing to raise its affirmative defenses to the Government's foreclosure action. Intercontinental's defense that the Government failed to make timely assessments, based on facts alleged in the Government's own exhibits, raises an issue of material fact. Where issues of material fact exist summary judgment should be denied. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365 (11th Cir.1982).

Accordingly, after a careful review of the record, and the Court otherwise being fully advised in the premises, it is: ORDERED and ADJUDGED that the Plaintiff's Motion for Summary Judgment be, and it is hereby, DENIED.