919 F.2d 740
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell J. NEUMANN and Helen M. Neumann, Defendants-Appellants.
 No. 89-3597.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 29, 1990.*
Decided Dec. 3, 1990.
 
 Before CUMMINGS, POSNER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 The United States brought this action under 26 U.S.C. Secs. 7402 and 7403 against the taxpayers, Russell J. Neumann, and his wife, Helen M. Neumann, and four entities known as the 7 Oaks Corporation; the Life Science Church, Russell J. Neumann, pastor; the Oak Haven Life Science Church, Russell J. Neumann, pastor; and the Life Science Church, Order of Almighty God, Chapter No. 1012. The United States sought to reduce to judgment outstanding income tax assessments against the Neumanns, to set aside conveyances by the Neumanns of their residence property and three rental properties, and to foreclose the tax liens against these properties. The district court found that the United States adequately established the Neumanns' tax liability. It also found that the 7 Oaks Corporation and the Life Science Church transferees were the alter ego of the Neumanns, and that the property transfers made by the Neumanns were fraudulent. The district court accordingly entered judgment against Russell J. Neumann in the amount of $95,461.92 plus interest from April 1, 1987, and against Helen M. Neumann in the amount of $57,539.72, plus interest from April 1, 1987; ordered foreclosure of the tax liens against the properties; and authorized the sale of the properties by the United States. From this order the Neumanns appeal. For the reasons set forth below, we affirm in part, vacate in part and remand for further proceedings.
 
 
 2
 The Neumanns first contend that the United States did not issue valid assessments of their tax liability. We disagree. The certificates of assessments and payments submitted by the United States provided all the necessary information required by section 6203 of the Internal Revenue Code and section 301.6203-1 of the Treasury Regulations on Procedure and Administration, and constituted presumptive proof of the validity of the assessments. See United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir.), cert. denied, 110 S.Ct. 498 (1989); United States v. Miller, 318 F.2d 637, 639 (7th Cir.1963). The Neumanns failed to produce any evidence to overcome this presumption. Therefore the district court's entry of judgment for the United States on the issue of the Neumanns' tax liability was proper.
 
 
 3
 The Neumanns next contend that the district court erred in ordering a foreclosure sale of the properties. The district court's conclusion and the government's argument that the Neumanns owned the properties give them standing to raise this contention. Cf. United States v. Borchardt, 470 F.2d 257, 260 & n. 4 (7th Cir.1972) (holding that a third party grantee had standing to raise its own defenses in a foreclosure action instituted by the Government pursuant to 26 U.S.C. Sec. 7403); United States v. Camejo, 666 F.Supp. 1542, 154 (S.D.Fla.1987) (same). The district court used the fraudulent conveyance and alter ego theories under Wisconsin law to analyze the Neumanns' ownership interest in the properties. Neither the Neumanns nor the United States disputed the applicability of state law to this issue. We agree with the district court on its application of the alter ego theory, and therefore affirm its order of foreclosure. In so affirming, we reject the Neumanns' argument that the alter ego theory does not apply, because the 7 Oaks Corporation and the Life Science Church transferees failed to receive proper notice of the tax liens and liability. Notice to the Neumanns reasonably could be construed as notice to the 7 Oaks Corporation and the Life Science Church transferees. We need not consider the Neumanns' arguments regarding the application of the fraudulent conveyance theory in view of our affirmance on the alter ego theory.
 
 
 4
 The Neumanns finally contend that Richard and Virginia Wilkins should have been joined as necessary parties to this case, because they own two of the three rental properties subject to the foreclosure order. The Government responds that a remand for consideration of the joinder issue would serve the interests of justice. Because the district court did not examine the extent, if any, of the Wilkins' interest in the two rental properties, we vacate its foreclosure order in regard to these properties and remand the case for the district court to consider the Wilkins' status under Fed.R.Civ.P. 19. See generally Tillman v. City of Milwaukee, 715 F.2d 354, 357-58 (7th Cir.1983) (setting forth the analysis for compulsory joinder under Rule 19); C. Wright, A. Miller & M. Kane, 7 Federal Practice & Procedure, Sec. 1604 (1986).
 
 
 5
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record